IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ORLANDO A. ACOSTA, et al** | : | No. 2:17-CV-01462 |
| **Plaintiffs** | : | (Judge Slomsky) |
| | : | |
| v. | : | |
| | : | |
| DEMOCRACTIC CITY COMMITTEE, et al | : | |
| **Defendants** | : | |

FILED
JUL 20 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
EMILIO VAZQUEZ AND PHILADELPHIA CITY DEMOCRATIC COMMITTEE
MOTION TO DISMISS THE AMENDED COMPLAINT**

**I.   INTRODUCTORY STATEMENT**

Plaintiffs, Orlando A. Acosta and Edward Lloyd, candidates for the 197th Legislative District, brought this action against Defendants Emilio Vazquez and Philadelphia Democratic Committee (hereinafter "Defendants") for declaratory relief and injunctive relief as a result of Defendants' violation of their Constitutional rights in the manner by which Defendants conducted the March 21, 2017 special election to fill a vacant seat in the 197th Legislative District of the State Representative of the General Assembly of the Commonwealth of Pennsylvania. Defendants, Emilio Vazquez and Philadelphia Democratic Committee have filed this motion to dismiss Plaintiffs' Amended Complaint, based on meritless assertions that Plaintiffs have failed to state claims for which relief can be provided.

Plaintiffs have alleged sufficient facts in the Amended Complaint, which if true state claims of Defendants' deprivation of Plaintiff's rights to due process under the United States Constitution in the way and manner by which the special election was conducted.

1

Plaintiffs respectfully submit that they have pled sufficient facts to sustain their Section 1983 claims against Defendants, and therefore Defendant's motion to dismiss Plaintiff's claims must be denied.

## II. LEGAL STANDARD.

In reviewing a motion to dismiss under F.R.C.P. 12 (b) (6), "the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). So too must the court "draw all reasonable inferences in favor of the non-moving party." *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002) The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they plead sufficient facts to state a facially plausible claim for relief and thus should be afforded an opportunity to offer evidence in support of their claims. *Id.* *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The court may only consider those facts alleged in the complaint and any document attached thereto in considering such a motion. *See, In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1424-25 (3rd Cir. 1997). **When a moving party relies on more than the factual allegations in the Complaint** in a 12(b)(6) motion, should the Court consider such extraneous materials, the motion must be deemed as a motion for summary judgment under Rule 56. Rule 12(b) provides in part that,

> "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters

2

outside the pleading are presented to and not excluded by the court, **the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"**.

The Court cannot rely on allegations made by the Defendant in its motion to dismiss, where any such allegation contests allegations in the Amended Complaint, unless the motion is converted to a motion for summary judgment, and Plaintiff provided with the opportunity to conduct discoveries.

### III. STATEMENT OF FACTS

In Pennsylvania, a Special Election wa ordered by The Secretary of the Commonwealth of Pennsylvania, a Defendant, to be held on March 21, 2017 for the open seat for The 197th Legislative District in Philadelphia, Pennsylvania. The seat became open when the previous elected State Representative was not seated by The General Assembly due to a previously undisclosed felony conviction. Am. Compl. ¶9.

The Defendant, Philadelphia City Commissioner, the Defendant, Pedro Cortes, Secretary of the Commonwealth, and the Defendant, Department of The State Bureau of Commissions, Election, and Legislation and The Defendant Mark Turzai Speaker of The House, and the Defendant The County of Board of Elections Philadelphia County all had the express duties and responsibilities pursuant to Pennsylvania laws and statue and the Pennsylvania Election Code, to administer a Special Election according to the Pennsylvania Election Code and to ensure there was no tampering of votes or with voters. Am. Compl. ¶10.

3

Defendant, Emilio Vazquez was the 2nd nominated write-in candidate purportedly specifically sponsored and supported by The Philadelphia City Democratic Committee as that Organizations Endorsed Candidate in The Special Election for The 197th Legislative District in Philadelphia, Pennsylvania. The City Democratic Committee is the "Pre-Dominate Political Force" in Philadelphia and is Responsible for fielding and electing Democratic Candidates. Am. Compl. ¶11.

The Philadelphia City Democratic Committee, at all "pertinent times" was organized and registered pursuant to the "Election Code and Laws of The Commonwealth of Pennsylvania" and is a major political committee and must act pursuant to the law and regulations of the Philadelphia Election Code in nominating, endorsing and supporting candidates for Election. Am. Compl. ¶12.

On Tuesday March 21, 2017 a Special Election was held in Philadelphia County 197th District Republican Candidate Lucinda Little was the "Only" duly nominated candidate on the Ballot for said Election due to Green Party, Democratic Party and Independent Party candidates being removed from the Ballot. No other candidates were Duly nominated but many individuals campaigned for Write-In votes. These candidates included Plaintiff's Edward Lloyd-Democrat, Orlando Acosta-Republican, David Torres-Republican, Juan Rodriguez-Independent, Cheri Honkala-Green Party, Danita Bates-Democrat, and Emilio Vazquez-Democrat (The so-called in his own words and Party's words- "The only Democrat to Appear on the Ballot"). Am. Compl. ¶13.

Then Plaintiffs Edward Lloyd and Orlando Acosta, at all pertinent times, complied by all rules of the Pennsylvania Election Code and Laws of The Commonwealth of Pennsylvania while running as Write-In Candidates of the Special Election in The 197th District. Am. Compl. ¶14.

There was an official count of votes that began on Friday, March 24, 2017. The Count of all votes absentee and by Electronic Machine as of Friday, March 31, 2017. The count was Certified by Philadelphia County Board of Election with the said Defendant Emilio Vazquez as the putative winner. Republican Candidate Lucinda Little allegedly, received 201 votes, Green Party candidate, Cheri Honkula allegedly received 286 votes, Democrat candidate Edward Lloyd allegedly received 20 votes, Democrat candidate Danita Bates allegedly received 19 votes, Republican candidate, David Torres allegedly received 14 votes, Republican candidate, Orlando Acosta allegedly received 2 votes, Juan Rodriguez Independent Candidate allegedly received 2 votes, and Emilio Vazquez Democrat Candidate allegedly received 1,972 votes out of a total of 3,040 total votes in the Special Election. Am. Compl. ¶15.

During the Special Election that was held on Tuesday, March 21, 2017, there were numerous significant and material violations of the Election Law committed by Election Board Workers employed by the City of Philadelphia, The Philadelphia Democratic City Committee, The Ward Leaders in the 197th District its Members, Volunteers, Committee People and Supporters, and by the Candidate Emilio Vasquez, and his workers and supporters including Former State Representative Leslie Acosta who pled guilty to a Felony Charge and resigned her post. Further, the Defendants City Commissions and The Defendant Bureau of Commission, Election and Legislation failed to properly supervise The Special Election to ensure a Fair and Just election.

Some of the below Acts of Misconduct Include: Am. Compl. ¶16.

The Election Board Workers, virtually all of whom are registered Democratic Electors in the various polling places were directly telling voters how to vote and specifically to vote for Write-In Democrat Candidates Emilio Vasquez. This was also being done by Ward Leaders who were not allowed to be in polling places in any capacity (Poll Workers, etc.) This is illegal, improper and in violation of Pennsylvania Election Code as the Election Board is not permitted to in any way advocate for a candidate by electioneering inside any of the polling places or otherwise. Am. Compl. ¶16a.

The Democratic Election Board Workers were allowing and even assisted Democratic Committee people, workers and supporters of Write-In Candidate Emilio Vasquez in the polling places knowing full well they couldn't do that legally. The Democratic Election Board Workers were allowing Committee People and WardLeaders repeatedly enter the Polling Places assisting voters and telling voters they couldn't use a pend to vote they could only vote using a stamp and it and it had to be Emilio Vasquez stamp. They turned several people away that was trying to vote for Edward Lloyd or even for the Republican and Green Party Candidates. They were assisting in giving out literature in the Polling Places they were also witnessed going into the voting booth to help, intimidate, coerce voters to vote for Emilio Vasquez. Even Candidate Edward Lloyd was trying to vote at his polling place 42nd Ward-06 Division and the Judge of Election 4x stated to Mr. Lloyd, "you can't come in here" and Mr. Lloyd advised the Judge, "did you forget that I vote here this is my Polling Place, I'm here to vote." and had my ID and voters card in hand; witnessed by Republican WardLeader Jeffrey Littles. Also Mr. Lloyd reported all illegal activity to Philadelphia City Commissioners Office, County Board of Elections,

6

Philadelphia District Attorneys Office and Philadelphia Police Department. Due to all the Fraud, Intimidation, threats and violations of such Pennsylvania Election Codes including the tearing down of other candidates literature, threats, and WardLeaders and Committee People repeatedly entering polling places. Am. Compl. ¶16b.

The voters for the Special Election were told Election Board Workers, WardLeaders, Committee People, and other workers hired by the Candidate and Members of the Democratic City Committees that they could only vote for Write-In Candidate Emilio Vasquez all pend handed out to voters by other candidates (or stamp) were not allowed. Am. Compl. ¶16c.

The voters were threatened and intimidated if it was thought they were going to vote for any other candidate. these Election Code Violations were committed by Election Board Workers, WardLeaders, and Committee People in the polling places across the 197th District. Am. Compl. ¶16d.

The Plaintiff believe and aver that the proper chain of custody procedures regarding the voting cartridges and official Election material were not followed during the Election. Plaintiffs also believe voting slips are missing or damaged for several polling places. The materials were not turned over to the Philadelphia Police Department at all the polling places but turned into the WardLeaders or County Board of Elections. Am. Compl. ¶16e.

The Plaintiffs believe and aver that various persons had custody of election materials on the evening of the Election and Temporarily werfe in the Custody of Emilio Vasquez or other parties' Election Headquarters of said WardLeaders, rather than delivering said materials directly to the City Commissioners or County Board of Elections as required. Am. Compl. ¶16f.

Whereas The Democratic Philadelphia Commision, Republican Philadelphia Commission, Secretary of State Pedro Cortes, and the Commonwealth of Pennsylvania Bureau of Commissions, Elections and Legislative failed to properly supervise this election. Am. Compl. ¶17.

All misconduct alleged in this Complaint was in violation of the First Amendment and the Fourteenth Amendment of the United States Constitution including The Right of Association of Speech and the right to vote, and further in violation of the Due process clause of the Fourteenth Amendment of the United States Constitution and further in violation of the Election Code. All of this misconduct denied the voters a right to free and fair election pursuant to the First Amendment and Fourteenth Amendment of The United States Constitution as noted above and also pursuant to the Pennsylvania Election Code. As a result The Election was tainted and should be voided. Am. Compl. ¶17a.

The following are a list of other acts of Intimidation, Fraud, Threats, Coercion, and etc. from Tuesday, March 21, 2017 Special Election in the 197th District. Am. Compl. ¶18.

Tables were set up by the WardLeaders, Committee People, Employees in support of Emilio Vasquez to mislead the voters or Intimidate voters by having them sign in at the official Democrat Table with pink ballot sheets prepared by the City Commissioners and County of Elections and paid for by the voters/taxpayers that were supposed to be posted inside the polling places to illustrate the Ballot in <u>Non-Partisan</u> way to voters that were doctored/altered by the WardLeaders, Committee People, Mr. Vasquez, Democratic City Committee and other agents to instruct voters to write in Mr. Vasquez name, crossing out Republican candidate, Lucinda Little name and drawing an arrow to write-in box and writing Emilio Vasquez name in its place. This

8

is illegal tampering. That gave the impression that the City of Philadelphia specifically instructed voters to vote for Mr. Vasquez. Am. Compl. ¶18a.

Plaintiffs also believe and aver that many voting places did not open on time that voting machines were malfunctioning, The "write-in" mechanism frequently malfunctioned in various polling places and proper alternative procedures were not being followed. Am. Compl. ¶18b.

Throughout the day in multiple polling places, the proper procedure for voting assistance under the Pennsylvania Election Code were not followed and multiple people sometimes as many as four (4) or more (be advised went Facebook and Internet viral) crowded into the voting booth with voters. Am. Compl. ¶18c.

At several Polling places in the 11th Ward and 42nd Ward poll workers of Edward Lloyd were told they couldn't post his signs and poll workers and WardLeaders actually ripped down Edward Lloyd signs that were posted on the outside of the polling places. Police, District Attorneys, Committee Board of Elections, and Commissioners office was notified and recorded. Am. Compl. ¶18d.

At the Welsh school 19th Ward-18th Division 4th and York Streets, Republican Write-In Candidate Orlando Acosta witnessed WardLeader Carlos Matos constantly going inside and outside of the polling place he was influencing voters to vote for Emilio Vasquez he was stamping up the pink slips with Emilio Vasquez stamps that were outside the polling place instructing the voters what to do on the pink ballot slips- That is illegal. Mr. Acosta saw Election Poll Workers passing out the stamps to voters of the Welsh School. Am. Compl. ¶18e.

At various other polling places voters were being intimidated, misled, threatened, turned away, coerced, and pressured into voting for Emilio Vasquez (Be advised this too went Internet and Facebook live viral). Am. Compl. ¶18f.

First Nominee Democrat Fred Ramirez who was removed from the ballot by a Commonwealth Judge for not living in the District and found to be living in Bucks County outside of the District and County actually voted in the Special Election under a property that owns in the 197th District former residence. Therefore, he voted illegally and his vote should be voided. Am. Compl. ¶19.

Several Election Board workers do not live in the Division the law requires the Judge, Majority Insp, Minority Insp, Clerk, etc. That they live in the Division to be Elected to the Election Board. The WardLeaders have their family, friends, and Committee People and supporters from other Wards and Divisions working as Poll workers during the Special Elections. Am. Compl. ¶19a.

Several Judges of Election were seen giving out literature and stamps at several polling places. Judges can't be outside as a committee person passing out stamps and literature and overseeing the Election inside as the Judge this is conflict of interest under the Pennsylvania Election Laws. Am. Compl. ¶19b.

At multiple polling places, Democractic WardLeader, Carlos Matos, Elaine Tomlin whose voting place is 42nd Ward 21st Division not 42nd Ward 6th Division. Elaine Tomlin was stationed at the 42nd Ward 21st Division 80 percent of the day. Dwayne Lilley was seen inside [42ⁿᵈ  6ᵗʰ] the polling places and they were not permitted due to the Commonwealth Court ruling The Democrats wouldn't be on the Ballot and no Watchers Certificates issued to any candidate

except the Republican candidate Lucinda Little. This too was a violation of the Pennsylvania Election Laws that the Democratic Committee City and its Representatives and Write-In Candidate Emilio Vasquez and all other Write-In Candidates were advised by The Philadelphia City Commissioners Office and County Board of Elections. Dwayne Lilley was also seen at the Philadelphia Water Department (DPW) on 22nd and Somerset Street ripping down the posters of Write-In Candidate Edward Lloyd. Dwayne Lilley also stated to supporters of Edward Lloyd, "Don't get this politic stuff twisted I will go get my drug boys to clear this corner real fast", the Philadelphia Police Department was called twice. Furthermore, one of Dwayne Lilley's employees threatened a Philadelphia Police officer. Am. Compl. ¶19c.

At several polling places inside the polling place tables were set up with literature and stamps next to Election Board Tables this is illegal. Am. Compl. ¶20.

Candidate Emilio Vasquez was seen inside polling places interacting with Election Board workers and voters. He was not allowed inside these polling legally. Am. Compl. ¶21.

There was no protection or chain of custody during this Election by the County Board of Election, Philadelphia City Commissioners, Watchdog, Committee of 70, Secretary of State Pedro Cortez, and State House Speaker Mike Turzai, and Pennsylvania Dept of State of the Machines and Tapes, There was no certainty as to the accuracy of all the machines and tape, and what was requested and what was not. Commissioner Al Schmidt reported publicly their was missing tapes or ripped and missing votes fro tape. Am. Compl. ¶22.

All the misconduct resulted from the lack of supervision, The responsibility by the Defendants C.6, Commissioners, County Board of Elections, Department of State, and Bureau of State, Bureau of Commissions, Election and Legislations. Am. Compl. ¶23.

11

All of the misconduct resulted from the lack of supervision by the Defendant, City Commissions, Defendants, Department of State, Bureau of Commissions Elections and Legislation, and the Defendant Pedro Cortes, and further resulted from the misconduct of the Philadelphia Democratic Committee and Mr. Emilio Vasquez and their respective workers, employers, and Agents during the Special Elections on Tuesday, March 21, 2017. Am. Compl. ¶24.

The Democratic C.6, Committee and their respective members, agents, representatives, and Write-In Candidate should have been or were fully aware of the Pennsylvania Election Code and law. They at all pertinent times, had access to elective lawyers who represented them and who were available. Despite having all that to their availability they acted fraudulently with dozens of acts of Election violations of the law, which tained and affected the election to the point that there is no True-Certainty as to the accuracy of the Special Election. Further, Defendant Emilio Vasquez, WardLeaders, Committee People, Agents, Election Poll Workers, Judges all worked together to Intimidate voters, other poll workers of the other write-in candidates, tampering with votes and prevent a "Fair Election". Am. Compl. ¶25.

All said Defendants acted under Color of State Law and all violated The Pennsylvania Election Code and the aformentioned Constitutional Provisions. Am. Compl. ¶26.

## ARGUMENT

### A. PLAINTIFF STATES A CLAIM OF CONSTITUTIONAL VIOLATION UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT

In any §1983 action, the plaintiff is not required to show that the defendant acted with a "specific intent" to deprive him of a constitutional right. See, *Parratt v. Taylor*, 451 U.S. 527 (1981); *Monroe v. Pape*, 365 U.S. 167 (1961); *Caballero v. City of Concord*, 956 F.2d 204 (9th Cir. 1992); and Kirkpatrick, *Defining a Constitutional Tort under §1983: The State of Mind Requirement,* 46 U. Cinn. L. Rev. 45 (1977). To establish a violation of §1983, **the plaintiff will only have to prove that the defendant, acting under color of state law, committed an act, which caused the deprivation of their Constitutional right.** "By the plain terms of § 1983, two–and only two–allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also, e.g.*, *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) ("A *prima facie* case under § 1983 requires a

plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law.").

By its terms § 1983 applies not only to a person who "subjects," but also to any person who "*causes to be subjected* ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). This suggests that Congress was concerned not just with the officer who formally initiates the process that leads to an unconstitutional action, but to all those who were the "cause" of deprivations of constitutional rights. Plaintiff has alleged sufficient facts to make his case of Section 1983 violation against .

It is undisputed that The Democratic City Committee, The Democratic Election Board The Democratic State Committee, The County Board of Elections, The State Department are municipal agencies and acts under color of state law, and is liable to Plaintiff under Section 1983. The Democratic City Committee, The Democratic Election Board are quasigovernmental agencies. The Democratic City Committee, The Democratic Election Board The County of Board of Elections are bodies corporate and politic which exercises the public powers of the Commonwealth of Pennsylvania as an agency and instrumentality of the state. See, 74 Pa. C.S.§1711(a). It is therefore undisputed that acts under the color of state law.

In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), the United States Supreme Court held,

> "[i]f a clearer holding is needed, we provide it today. The point is straightforward: the Due Process Clause provides that certain substantive rights -- life, liberty, and property -- cannot be deprived **except pursuant to constitutionally adequate procedures.** The

categories of substance and procedure are distinct. Were the rule otherwise, the Clause would be reduced to a mere tautology. "Property" cannot be defined by the procedures provided for its deprivation any more than can life or liberty. The right to due process is conferred, not by legislative grace, but by constitutional guarantee. While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards". Citing, *Arnett v. Kennedy, supra,* at 167. [Emphasis added].

Once it is determined that the Due Process Clause applies, "the question remains what process is due." See, *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Plaintiffs Constitutional Rights of Due Process were violated by the Fraudulent, disgraceful and egregious misconduct and many election violations as set forth in the Amended Complaint as well as the Statement of Facts. Plaintiffs were denied a true and fair election due to Defendants acts of intimidation of voters, threatening voters and supporters of Write-In Candidates Edward Lloyd and Orlando Acosta, coercing voters to vote for Write-In Candidate Emilio Vasquez, misleading voters, turning voters away, destroying the literature and posters of Edward Lloyd.

Also be advised that Edward Lloyd is an elected State and City Committeeman that he filed financial records on June 22, 2017 (Page 37 &38 of 59) of the Pennsylvania's Democratic Party 2017 Treasury Report. Mr. Acosta and Mr. Lloyd believe that the cost of a new Special Election should be paid by the Democratic Party and the State and not by the Treasury Department as stated by the Defendants Attorney "That even if they are right and successful that

it would be a burden on the Federal Treasury Department". Furthermore, money is raised by each party; The Democratic Party, The Republican Party, The Green Party and Independent Party, etc, in which they are all non-profits that receive Campaign donations under their 501(3)c Status.

The Supreme Court has held that "an agency is **required to comply with its regulations that are congruent with the requirements of constitutional due processes**. See, *United States v. Caceres*, 440 U.S. 741, 749, 99 S. Ct. 1465. 1470 (1979) [emphasis added]; cited by the Fourth Circuit in, *Detweiler v. Commonwealth of Virginia Dept. of Rehab. Serv.*, 705 F. 2d 557, 561 (4th Cir. 1983).

It has been held that where the employer denied the employee the fundamental right to secure a favorable witness or where the witness was intimidated and precluded from testifying by the employer, that action would constitute a denial of due process under the constitution. See, *Detweiler, supra*, at 705 F. 2d 557, 561 (4th Cir. 1983).

"The fundamental requisite of due process of law is the opportunity to be heard". See. *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S. Ct. 779, 783 (1914). The court in *Detweiler, Supra*, held that "a state official's intimidation of a prospective witness infringes the right to a hearing". *Id.* at 562.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's motion to dismiss the Amended Complaint must be denied.

Respectfully submitted,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ORLANDO A. ACOSTA, et al** : No. 2:17-CV-01462 | |
|                 **Plaintiffs** : (Judge Slomsky) | |
| : | |
| **v.** : | |
| : | |
| **DEMOCRATIC CITY COMMITTEE, et al** : | |
|                 **Defendants** : | |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint was filed with the Court today and is available for viewing and downloading by the Defendants from the ECF system.

Dated: July 20, 2017