# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO A. ACOSTA, et al.,<br>　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>DEMOCRATIC CITY COMMITTEE, et al.,<br>　　　　　　　Defendants. | 2:17-CV-01462<br>(JUDGE SLOMSKY) |

### REPLY BRIEF OF SECRETARY CORTÉS AND DEPARTMENT OF STATE, BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Pedro A. Cortés, Secretary of the Commonwealth, and the Department of State, Bureau of Commissions, Elections and Legislation (hereinafter referred to collectively as "Secretary Cortés") present this reply brief in further support of their motion to dismiss the above-captioned action against them.

**I.　Plaintiffs offered no opposition to Secretary Cortés' Motion to Dismiss, which should be granted as uncontested.**

Several motions to dismiss were filed in this matter, by each of the defendants: (1) Speaker Mike Turzai, (2) Secretary Cortés, (3) the Philadelphia City Commissioners, (4) Representative Emilio Vazquez, (5) the Democratic City Committee, and (6) the individual ward leaders. (Docs. 31, 32, 33, 37, 38, 41.)

In response to these six motions to dismiss (each of which included a brief or memorandum of law supporting its contentions), Plaintiffs filed two documents.

Document 43 is styled as the "Answer of the Plaintiffs, Edward Lloyd and Orlando Acosta, to the Motion to Dismiss of the Defendant, Emilio Vazquez." (The clerk has identified this as being responsive to Document 37, filed by Representative Vazquez.) Document 44 is entitled "Plaintiffs' Memorandum of Law in Opposition to Defendant's [sic] Emilio Vazquez and Philadelphia City Democratic Committee Motion to Dismiss the Amended Complaint [sic]." (The clerk has identified this as being responsive to Documents 37, filed by Representative Vazquez, and Document 38, filed by the Democratic City Committee.)

Thus, even though Plaintiffs' Answer and Memorandum discuss all of the Defendants, they are only properly responsive to the motion to dismiss filed by Representative Vazquez, or at most, the two filed by Representative Vazquez and the Democratic City Committee. (In their conclusion of the Memorandum, Plaintiffs request only that "Defendant's motion to dismiss be denied"—*n.b.* both "Defendant" and "motion" are written in the singular, rather than the plural. (Doc. 44, p. 16.))

Despite the fact that these documents are not ostensibly directed at Secretary Cortés' motion, Plaintiffs' arguments do mention Secretary Cortés in various places, which has prompted this filing, out of an abundance of caution. Part II, *infra*, addresses the arguments raised by Plaintiffs.

To the extent that the Court determines that the Motion to Dismiss filed by Secretary Cortés is uncontested, the Secretary respectfully requests that the Court

grant that motion to dismiss, with prejudice.[1] E.D. Pa. Local Rule 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested . . . .").

## II. Plaintiffs' arguments are not supported by law; the law they cite does not support their claims.

The lion's share of Plaintiffs' Memorandum of Law appears to be a near word-for-word recitation of the allegations in their Second Amended Complaint.[2] (Doc. 44, pp. 3-12, *quoting* Doc. 11.) In the remaining portion of their Memorandum, they focus on familiar and uncontroversial elements of the standard of review (Doc. 44, p. 2-3), and briefly consider the situation in which a motion to dismiss may be treated as a motion for summary judgment. (*Id.*)

Plaintiffs appear to correctly summarize the law as relates the types of intent, and the active or passive nature of direct or indirect causes, which will give rise to liability under Section 1983. (Doc. 44, p. 13-14.) Their arguments are almost

---

[1] Plaintiffs' lack of response to at least four of the six motions to dismiss is consistent with their apparent initial conception of the case as being a dispute between them and Representative Vazquez. The original Complaint in this matter named only the Democratic City Committee, individual ward leaders, Representative Vazquez, and former Representative Leslie Acosta; it did not name Secretary Cortés, the Department of State, or any governmental official or entity. (Doc. 5.)

[2] Throughout their Memorandum, Plaintiffs refer to their "Amended Complaint." Their Amended Complaint, Document 9, was filed on April 4, 2017, and was superseded on April 10, 2017, when their Second Amended Complaint, Document 11, was filed. Based on the correspondence between the Memorandum's citations to what it calls the "Amended Complaint" and the Second Amended Complaint, and the dissimilarity between the Memorandum's citations and the Amended Complaint, it seems clear that Plaintiffs actually meant to cite their Second Amended Complaint.

relevant to Secretary Cortés' arguments on vicarious liability (Doc. 32, pp. 10-14), but are actually addressed at a different legal concept—direct and indirect causation. To the extent this is their attempt to repudiate Secretary Cortés' arguments on vicarious liability, it is unpersuasive. In any event, Plaintiffs undercut their arguments by trailing off mid-sentence, just before identifying who is really to blame.[3]

Plaintiffs also cite the Pennsylvania Public Transportation Law—specifically, the section authorizing creation of metropolitan transportation authorities—in support of their claim that defendants[4] "acted under color of state law." (Doc. 44, p. 14, *citing* 74 Pa. Cons. Stat. § 1711.[5])

Plaintiffs then follow with more conclusory and repetitive, cumulative statements, declaring how their rights have been violated, sharing information on Plaintiff Lloyd's position within the Democratic Party hierarchy, and sharing with

---

[3] "Plaintiff has alleged sufficient facts to make his case of Section 1983 violation against  ." (Doc. 44, p.14 [*sic passim*]).

[4] In this section of their argument, Plaintiffs also allude to the "Democratic Election Board." This Democratic Election Board is not a named defendant and may not even exist—certainly not under that name.

[5] Section 1711 authorizes the creation of an entity in each metropolitan area, which is to "exist for the purpose of . . . function with respect to a transportation system in the metropolitan area . . . ." 74 Pa. Cons. Stat. § 1711(a). Plaintiffs do not name any metropolitan transportation authority as a defendant in this action and it is not apparent that this statute supports, or is even relevant to, any contention they make.

the Court Plaintiffs' idiosyncratic belief that (the requirements of the Election Code notwithstanding, *see* 25 P.S. § 2645(a)(4)) the Democratic Party should pay for a new special election. (Doc. 44, pp. 15-16.) Plaintiffs close with a selection of irrelevant citations to Supreme Court (and for some reason, Fourth Circuit) cases describing the requirements of due process in the most generic terms, but not before suggesting that political parties are tax-exempt charities[6] (a fundamental misstatement of one of the most important rules in campaign finance). (Doc. 44, p. 16.) None of this provides any support whatsoever for their contentions.

Finally, to the extent Plaintiffs, through their incorporation by reference, seek to join and adopt the arguments made by the plaintiffs in their Brief in Opposition to the Motion to Dismiss filed in another case before this Honorable Court, *Little v. Vazquez*, No. 17-1562 (*see* Doc. 24), Secretary Cortés clearly refutes those arguments in his Reply Brief (*see* Doc. 29 in *Little*), which he incorporates by reference herein.

---

[6] *Contra* Plaintiffs' suggestion that "The Democratic Party, The Republican Party, The Green Party and Independent Party, etc, in which they are all non-profits that receive Campaign donations under their 501(3)c Status," [*sic passim*], political parties are not tax-exempt charities under the Internal Revenue Code. 26 U.S.C. § 501(c)(3).

### III. Conclusion.

Plaintiffs' response is wholly unpersuasive and failed to address any of the arguments in Secretary Cortés' Brief in Support of his Motion to Dismiss—to the extent they even intended to respond to Secretary Cortés' Motion and Brief at all. *See* Part I, *supra*.

Because Plaintiffs have failed to rebut Secretary Cortés' arguments effectively (and/or failed to address them at all), there can be little doubt that the Second Amended Complaint fails to state a claim upon which relief may be granted; Secretary Cortés' motion should be granted and the Second Amended Complaint should be granted, with prejudice.

Respectfully submitted,

By: /s/ Timothy E. Gates
TIMOTHY E. GATES
Chief Counsel
I.D. No. 202305
tgates@pa.gov

KATHLEEN M. KOTULA
Deputy Chief Counsel
I.D. No. 86321
kkotula@pa.gov

Pennsylvania Department of State
306 North Office Building
Harrisburg, PA 17120
Tel: 717-783-0736
Fax: 717-214-9899

*Counsel for Defendants, Pedro Cortés, Secretary of the Commonwealth, and Department of State Bureau of Commissions, Elections and Legislation*

DATE:  July 27, 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORLANDO A. ACOSTA, et al., <br>    Plaintiffs, <br><br> v. <br><br> DEMOCRATIC CITY COMMITTEE, et al., <br>    Defendants. | 2:17-CV-01462 <br> (JUDGE SLOMSKY) |

**CERTIFICATE OF SERVICE**

I, TIMOTHY E. GATES, certify that on July 27, 2017, I served this *Reply Brief of Secretary Cortés and Department of State Bureau of Commissions, Elections and Legislation in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint* by First Class Mail, postage prepaid, on the following:

Orlando A. Acosta
524 West York Street
Philadelphia, PA 19133
Tel: (267) 414-8774
OrlandoAcosta688@gmail.com
*Plaintiff*

Edward M. Lloyd
222 E. Mentor Street
Philadelphia, PA 19120
Tel: (215) 900-9086
EdLloyd4ThePeople@yahoo.com
*Plaintiff*

Leslie Acosta
2527 N. Palethorp Street
Philadelphia, PA 19133
*Defendant*

Committee of Seventy
123 S. Broad Street #1800
Philadelphia, PA 19107
*Defendant*

*(continued on next page)*

I further certify that on July 27, 2017, I served this *Reply Brief of Secretary Cortés and Department of State Bureau of Commissions, Elections and Legislation in Support of Motion to Dismiss Plaintiffs' Amended Complaint* by Notice of Docket Activity sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users who have consented to accepting electronic service through CM/ECF:

Adam C. Bonin, Esquire
The Law Office of Adam Bonin
30 South 15th Street, 15th Floor
Philadelphia, PA 19102
Tel: (267) 242-5014
adam@boninlaw.com
*Counsel for Defendant, Emilio Vazquez*

Anthony Kyriakakis, Esquire
Dilworth Paxson, LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Tel: (215) 575-7149
akyriakakis@dilworthlaw.com
*Counsel for Individual Defendant Ward Leaders*

Karl S. Myers, Esquire
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
Tel: (215) 564-8193
kmyers@stradley.com
*Counsel for Defendant, Speaker of the House Mike Turzai*

Marni Jo Snyder, Esquire
Law Offices of M.J. Synder, LLC
100 S. Broad Street, Suite 1910
Philadelphia, PA 19110
Tel: (215) 515-3360
marni@snyderlaw.com
*Counsel for Defendant, Democratic City Committee*

*(continued on next page)*

Benjamin H. Field, Esquire
Deputy City Solicitor
Affirmative and General Litigation Unit
City of Philadelphia Law Department
1515 Arch Street
Philadelphia, PA 19102
Tel: (215) 683-5024
Benjamin.Field@phila.gov
*Counsel for Defendants, Philadelphia City Commissioners, Commissioner Anthony Clark, Commissioner Al Schmidt, Commissioner Lisa Deeley, and Philadelphia Board of Election*

|  |  |
|---|---|
| | By: /s/ Timothy E. Gates |
| | TIMOTHY E. GATES |
| | Chief Counsel |
| | I.D. No. 202305 |
| | tgates@pa.gov |
| | Pennsylvania Department of State |
| | 306 North Office Building |
| | Harrisburg, PA 17120 |
| | Tel: 717-783-0736 |
| | Fax: 717-214-9899 |
| | *Counsel for Defendants, Pedro Cortés, Secretary of the Commonwealth, and Department of State Bureau of Commissions, Elections and Legislation* |

DATE: July 27, 2017