## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————— :
ORLANDO A. ACOSTA, *et al.*,       :     Civil Action No. 2:17-cv-01462-JHS
                     :
           Plaintiffs,     :
                     :
     v.                 :
                     :
DEMOCRATIC CITY COMMITTEE, *et al.*,:
                     :
           Defendants.    :
———————————————————— :

AND NOW, this _____ day of _____, 2017, upon consideration of Defendant Philadelphia City Democratic Committee's Motion to Dismiss the Amended Complaint and the Reponse thereto, and subsequent Reply, it is **HEREBY ORDERED** that the Motion is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

BY THE COURT:

_____

J.

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| ORLANDO A. ACOSTA, *et al.*, | : | Civil Action No. 2:17-cv-01462-JHS |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| DEMOCRATIC CITY COMMITTEE, *et al.*,: | | |
| | : | |
| Defendants. | : | |
| | : | |

**PHILADELPHIA CITY DEMOCRATIC COMMITTEE'S REPLY MEMORANDUM OF LAW TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Philadelphia City Democratic Committee, by and through his undersigned counsel, hereby files this Reply Memorandum of Law to Dismiss the Plaintiff's Second Amended Complaint.

Plaintiff's response elaborates upon allegations of election-related improprieties and violations of local statutes, but those allegations are not enough to warrant federal court intervention into the conduct of a local election when adequate avenues to relief existed under state law. The Plaintiffs have completely failed to allege that there has been willful conduct, by state actors, which would have changed the outcome of the election, which is what the case law requires for their action to proceed. City Committee has addressed this standard and the Plaintiff's failure to meet it in the previously filed Motion to Dismiss, however, we expand further expand upon the argument that City Committee is a state actor below.

Plaintiffs advance no further argument in opposition and their original argument fails. City Committee, as a major political party, is not a state actor.  Generally, there will not be a finding of state action unless the actor is an agent of the government, performs a function "traditionally exclusively reserved to the State," or there is joint participation between the government and the state.  See Lebron v. Nat'l RR. Passenger Corp., 513 U.S. 374, 397 (1995), Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1974), Shelley v. Kraemer, 334 U.S. 1 (1948) and Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). Obviously, City Committee is not an agent of the government.  City Committee does not perform duties traditionally reserved for the State.  Title 25 of the PA Code gives exactly zero responsibilities to political parties, and it cannot possibly be the case, as Plaintiffs argue on page 4 of their response, that the fact of registration with and regulation by the State converts a private entity into a state actor. Nor does it become a state actor by nominating a candidate for a special election.  Political Parties are regulated by law, as are political committees and other organizations, but they are given no responsibilities for overseeing elections, instead, their conduct is regulated by state actors exactly as other specified groups are on Election Day.  Lastly, Plaintiffs allege no joint participation between the government and City Committee on Election Day which violated the rights of any voters or election participants.  In fact, the opposite has been alleged.  The Plaintiffs allege a neglect or failure to act to prevent violations by individual actors acting as individuals and not on behalf of City Committee.

Plaintiffs have consistently failed to state a claim upon which relief can be granted by this Court. Accordingly, based on the arguments contained in its previously-filed memorandum of law, Democratic City Committee asks this Court to dismiss the Complaint, with prejudice.

Respectfully submitted,

s/ Marni Jo Snyder

By: _____

Marni Jo Snyder
Attorney ID #204377
LAW OFFICES OF M.J. SNYDER, LLC
Land Title Building
100 South Broad Street
Suite 1910
Philadelphia, PA 19110
marni@snyderlawyer.com
(215) 515-3360
*Attorney for Philadelphia Democratic City Committee*