# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ORLANDO A. ACOSTA, et al.,**  Plaintiffs, <br><br> v. <br><br> **DEMOCRATIC CITY COMMITTEE, et al.,**  Defendants. | **2:17-CV-1462** |
| **LUCINDA LITTLE, et al.,**  Plaintiffs, <br><br> v. <br><br> **EMILIO VASQUEZ, et al.,**  Defendants. | **2:17-CV-1562** |

## ORDER

**AND NOW,** this _____ day of _____, 2017, upon consideration of the Supplemental Brief of Defendants Acting Secretary of the Commonwealth Robert Torres and the Department of State, Bureau of Commissions, Elections and Legislation in Support of the Motion to Dismiss, and other filings in this matter, it is hereby **ORDERED** that the motion to dismiss is **GRANTED**.

                                                             **BY THE COURT:**

                                                             _____

                                                             **JOEL H. SLOMSKY, J.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO A. ACOSTA, et al.,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>DEMOCRATIC CITY COMMITTEE, et al.,<br>　　　　　　Defendants.<br>_____<br>LUCINDA LITTLE, et al.,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>EMILIO VASQUEZ, et al.,<br>　　　　　　Defendants. | 2:17-CV-1462<br><br><br><br><br>2:17-CV-1562 |

## SUPPLMENTAL BRIEF OF ACTING SECRETARY ROBERT TORRES AND THE DEPARTMENT OF STATE IN SUPPORT OF THE MOTION TO DISMISS

Defendants Robert Torres, Acting Secretary of the Commonwealth,[1] and the Department of State, Bureau of Commissions, Elections and Legislation ("Secretary"), hereby submit this Supplemental Brief in Support of the Motions to Dismiss (*Acosta* ECF No. 32 and *Little* ECF No. 11) pursuant to the Court's direction at oral argument on September 14, 2017, and as confirmed in the Court's order of October 26, 2017 (ECF No. 62).

**I.　The *Marks* decision does nothing to change the pleading standards of *Twombly* and *Iqbal*.**

Plaintiffs have identified in *Marks v. Stinson*, 19 F.2d 873 (3d Cir. 1994), a prior case in this circuit in which a federal court intervened in an election dispute. Yet the existence of *Marks*

---

[1] Robert Torres was designated to serve as Acting Secretary of the Commonwealth on October 11, 2017. As Former Secretary Cortés's successor, Acting Secretary Torres is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

still leaves in place the *Twombly-Iqbal* pleading standards—standards which the Plaintiffs' complaints fail to meet.

Plaintiffs' complaints fall short of the standards for pleading established in the Federal Rules of Civil Procedure, and are thus subject to dismissal for failure to state a claim. Pursuant to the U.S. Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court is to "begin by taking note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. The Court then identifies the conclusory statements "not entitled to the assumption of truth," but assumes the veracity of well-pleaded factual allegations in the complaint, determining "whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 697).

When subjected to the rigor required under this precedent, Plaintiffs' claims as to the Secretary fall apart.

Liability under 42 U.S.C. § 1983 does not attach on a *respondeat superior*[2] theory—at least not absent the type of "deliberate indifference," "policies" or "customs" of a governmental entity

---

[2] Where none is "superior," none should be held liable to "respond."

As noted by the Secretary, under Pennsylvania law, neither the Secretary of the Commonwealth nor the Department of State occupies a "superior" position to (1) the county board of elections and/or (2) the district election officials. Rather, the district election officials are independently-elected constitutional officers. Br. of Sec'y Cortés and Dep't of State, Bureau of Commissions, Elections and Legislation in Supp. of Mot. to Dismiss Pls.' Second Am. Compl. at 10-14, *Acosta v. Democratic City Comm.*, No. 17-1462 (E.D. Pa. June 19, 2017) (ECF No. 32); Br. of Sec'y Cortés and Dep't of State, Bureau of Commissions, Elections and Legislation in Supp. of Mot. to Dismiss Pls.' Am. Compl. at 11-4, *Little v. Acosta*, No. 17-1562 (E.D. Pa. June 19, 2017) (ECF No. 11).

The Secretary and Department likewise lack power to direct and control the county boards of election.

which might give rise to liability. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 692 (1978); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997).

The *Little* complaint refers to the Secretary in paragraphs 10, 11, 17, 18, 24, 24(g), 28, 31, and 32. Am. Compl., *Little v. Vazquez*, No. 17-1562 (E.D. Pa. Apr. 7, 2017) (ECF No. 2) [hereinafter *Little* Compl.]. Apart from paragraphs 10 and 11 (identifying the parties, every reference to what the Secretary did or did not do is in the context of a conclusory statement. The *Acosta* complaint makes virtually-identical allegations in paragraphs 5, 6, 9, 10, 16, 17, 23, 24— again, wholly conclusory (with the partial exceptions of paragraphs 5 and 6 which identify the parties). Second Am. Compl., *Acosta v. Democratic City Comm.*, No. 17-1462 (E.D. Pa. Apr. 10, 2017) (ECF No. 11) [hereinafter *Acosta* Compl.].

Having failed to plead any non-conclusory allegations, Plaintiffs' claims do not "plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787.

## II. The present scenario is not comparable to *Marks.*

Plaintiffs lean on *Marks* and conclude that federal court intervention is warranted in this case. Yet a review of the facts of that case shows that it is simply not comparable to the facts alleged here.

In *Marks*, officials with the county board of elections were the ringleaders in a conspiracy to violate election laws.[3] County officials directed their subordinates to provide absentee ballots in a way that clearly favored one candidate over the other.

---

[3] The relevant factual history of the case is set forth in the Third Circuit's opinion:

> Commissioners Tartaglione and Talmadge and Board employees working with them were aware of the absentee ballot campaign of Stinson and his workers and assisted that campaign by delivering hundreds of absentee ballot packages directly to Stinson workers rather than mailing or delivering them to the electors whose names and addresses appeared on the applications. This assistance was designed to

3

Significantly, in *Marks*, the Secretary was not named as a defendant. The absentee ballot scheme was conceived and executed without involving the Secretary. Plaintiffs in that case apparently determined that the Secretary's presence as a defendant was unnecessary—and given the lack of involvement in the irregularities in that case, inappropriate. And in that case, Plaintiffs were able to obtain relief without naming the Secretary. *Marks*, 19 F.3d at 889-90 (affirming the effective ouster of defendant Stinson by the district court).

In this case, Plaintiffs do not allege that state or county officials were directing or engaged in any misconduct. Rather, the most that Plaintiffs allege is that the Secretary and county officials "failed to properly supervise the election." *Acosta* Compl. ¶ 17, *see also Little* Compl. ¶ 24 ("failed to properly supervise the special election"). Among the other factors, the lack of any alleged role of the Secretary in the misconduct alleged by Plaintiffs places the present dispute, as pled in the Plaintiffs' complaints, squarely among the type of disputes which do not implicate federal rights,[4] and which do not merit the intervention of the federal judiciary.

---

> aid the Stinson campaign in obtaining more votes through personal contact between the electors and the Stinson campaign workers. No such assistance was provided to Marks or the Marks campaign. During regular office hours, employees of the Board mailed all absentee ballot packages to the voters whose applications they had approved. The Board's assistance to the Stinson campaign was covert and was not disclosed to Republican Commissioner Kane at the time.

*Marks v. Stinson*, 19 F.3d 873, 877–78 (3d Cir. 1994).

[4] In numerous places, Plaintiffs assert that various provisions of the Pennsylvania Election Code were violated, and invite the Court to conclude, on that basis, that their rights under federal law were likewise violated. As discussed more thoroughly in Part III.A of the Secretary's Brief, state statutes do not create nor establish the scope or extent of rights under federal law. Sec'y Br. at 8-14 (*Little* ECF No. 11). Even assuming Plaintiffs could prove that a provision of the Election Code was violated, that would not, *ipso facto*, prove violations of federal rights. *See* Part II, Reply Brief of Secretary Cortés and Department of State, Bureau of Commissions, Elections and Legislation in Support of Motion to Dismiss Plaintiffs' Amended Complaint at 2-3, *Little v. Vazquez*, No. 17-1562 (E.D. Pa. July 26, 2017) (ECF No. 29) ("Because 'a state statute cannot, in and of itself, create a constitutional right,' *Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990), an act that violates a state statute, likewise, does not necessarily violate the constitution.").

### III. Plaintiffs have named the wrong parties in their lawsuits.

#### A. The Secretary and other named defendants are not liable for failure to "supervise" district election officials.

The *Little* plaintiffs, in their most recent filing, list a number of their grievances about misconduct in and around the polling places, and then in seeming culmination of this litany, they assert that "[t]he Defendants did nothing to prevent or stop this misconduct." Supp. Br. of Pls., Cheri Honkala, Green Party of Phila., Republican City Comm. of Phila. and Lucinda Little, in Opp'n to the Mots. to Dismiss of Defs. at 6, *Little v. Vazquez*, No. 17-1562 (E.D. Pa. Nov. 8, 2017) (ECF No. 34) [hereinafter Honkala Supp. Br.]. None of the actual alleged bad actors is named as a defendant—that is, the judges of election and other district election officials at each polling place. (The *Acosta* Plaintiffs come closest by naming some of the ward leaders, who may have been on the ground near the polling places of the 197th Legislative District, but even they fail to allege in sufficient detail the malfeasance or nonfeasance giving rise to the Complaint.[5]) *See also infra*, Part III.B.

---

[5] Counsel for the Ward Leaders aptly summarized the *Acosta* Plaintiffs' allegations against his clients at the hearing held in this matter:

> With the three of the ward leader defendants . . . they're just listed in the caption of the complaint. They're not even identified as parties in the body of the complaint. There is no allegation made against them at all.
>
> With respect to two of the ward leaders . . . the only allegation is that they were "seen inside polling places" without making any further allegations, let alone allegations of any type of misconduct. And the sixth ward leader . . . is alleged also to have been seen inside polling places without making any allegations of misconduct while inside the polling places, and is also alleged generally to have tried to influence voters to vote for Va[z]quez, but fails to allege any faction on why that would be improper.

Transcript of oral argument at 45-46, *Acosta v. Democratic City Comm.*, No. 17-1462 (E.D. Pa. Sept. 14, 2017) (ECF No. 61) [hereinafter *Acosta* Transcript].

Plaintiffs rely on the broad assertion that the Secretary (and the other defendants) had some duty to ensure the fairness of the election. Yet under the Pennsylvania Constitution and the Pennsylvania Election Code, the district election officials have sweeping autonomy; the Secretary is not vested with authority to "supervise" the district election officials (nor to "supervise" the county boards of elections). *See generally* Part III.A, Sec'y Br. at 11-12 (*Little* ECF No. 11) ("The Pennsylvania Constitution provides no mechanism for these constitutional officers to be summarily ousted or directed by state or county officials . . . . [C]ounty and state officials have no power, much less a duty, to 'supervise' district election officials in the exercise of their duties.").

B.  **The appropriate defendants in this action are the district election officials.**

While the civil rights action codified at 42 U.S.C. § 1983 and the Fourteenth Amendment both implicate state action—acting under the color of state law—that is not to say that a state official (such as the Secretary) is a required party in any § 1983 case; rather, such a lawsuit could be wholly effective naming local officials only, provided only that they exercise some function under color of state law.[6] *See supra* Part II (*Marks* plaintiffs obtained relief without naming Secretary).[7]

---

[6] As an analogy, consider the application of § 1983 in a different context: a citizen's complaint for a Fourth Amendment violation at a traffic stop when pulled over by a local police officer. The proper defendants would be the individual officer, and perhaps his or her employing agency. Absent some indication that the state police were involved in the incident, it would be aberrant and inappropriate for the state police to be named as defendants (either the state police commissioner, or the state police as an agency). With election administrators, as with police officers, the requirement for "state action" means only that some person acts under color of state law. It does not require state-official defendants, nor does it transform the § 1983 liability of one into the liability of all who have some related responsibilities.

[7] At the hearing, and again in their Supplemental Brief, the *Little* Plaintiffs contended that political parties and committees are transformed into state actors as a result of filing their bylaws with the Secretary and county board of elections. *Acosta* Transcript at 60-67 (ECF No. 61); Honkala Supp. Br. at 6-10 (*Little* ECF No. 34) (citing 25 P.S. § 2837). In support of these claims, the *Little*

6

Plaintiffs could have named as defendants the district election officials for each polling place where they allege there were irregularities. In addition to naming them as John Doe defendants, many of them are listed on the Philadelphia City Commissioners' website. *Current Election Bd. Officials*, Office of the Phila. City Comm'rs, https://www.philadelphiavotes.com/en/election-board-officials/current-election-board-officials (last visited Nov. 14, 2017). For reasons best known to themselves, Plaintiffs failed to do so. *See also* Part III.E, Sec'y Br. at 22-23 (*Little* ECF No. 11) (absent court order binding against district election officials, the same individuals will remain in office and return to serve in future elections.[8])

---

Plaintiffs invoke the precedent of *Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198 (3d Cir. 2009). In that case, the county committee was found **not** to be a state actor for the purposes of a § 1983 action. *Max*, 587 F.3d at 200 ("[S]tate action may be imputed to private groups who carry out functions that are 'governmental in nature.'") (citing *Evans v. Newton*, 382 U.S. 296, 299 (1966). Private political parties and their officials observing election day proceedings to defend the interests of their favored candidates is an avowedly partisan act and hardly approaches any function which is "governmental in nature." And the *Little* Plaintiffs ascribe altogether too much significance to the filing of committee bylaws with the Secretary and the county board of elections—the purpose of which is to inform the government entities who is authorized by the party to make and certify nominations for special elections and vacancies. Their position—that filing governing documents with a governmental authority converts that entity into a governmental unit itself—would make a state actor of every corporation, limited liability company, and other business association which files its articles of incorporation with the Secretary, 15 Pa.C.S. § 1308(a), and is contrary to law. *Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 243 (3d Cir. 2002) ("regulation—even detailed regulation, as we have here—does not equate to state action;" citing Supreme Court precedent that "a heavily regulated utility company was not a state actor").

The Election Code is replete with acknowledgements of the unique role political parties play in elections, yet does not contemplate that they will have any role that would make them into "state actors." Rather, parties carry out their campaign activities alongside one another, with one private group able to monitor and counteract any excesses of another. Interposing the federal judiciary between political parties to monitor and correct Election Day controversies represents a significant departure from the balance envisioned by the Election Code.

[8] The Secretary is aware of the four district election officials against whom criminal charges relating to the March 21, 2017, special election were filed. Press Release, Office of Attorney

7

Plaintiffs' stated goal is to obtain a rerun of the March 21, 2017, special election, under conditions they deem to be "fair." It is curious, then, that the officials charged with the hands-on administration of that election (and who would be in the best position to permit or ward off the irregularities described in the complaints) are not named. To the extent Plaintiffs' goal is actually to secure the removal, replacement, or supervision of these officials in the performance of their duties in the future, their omission as defendants is hard to fathom.

### C. Plaintiffs misstate the law and the scope of the Secretary's powers under the Pennsylvania Constitution and Election Code.

The *Little* Plaintiffs, arguing in their Supplemental Brief, continue to misapprehend the allocation of responsibilities among the various entities under the state constitution and Election Code. They summarily conclude that the eleven subsections in 25 P.S. § 2621 distill to this: "[i]n essence, these duties require [the Secretary] to work closely with the County Board to supervise." Honkala Supp. Br. at 8 (*Little* ECF No. 34). As the Secretary previously argued, the state constitution provides for the exclusive means to remove these officers—impeachment and "direct address." Pa. Const. art. VI, §§ 6, 7; *see* Part III.A, Sec'y Br. at 11-12 (*Little* ECF No. 11).

Inexplicably, the *Little* plaintiffs submitted two briefs which failed to meaningfully engage with the substance of the arguments presented by the Secretary. Br. in Opp'n of the Pls., Cheri Honkala, the Green Party of Pa., Republican City Comm. of Phila. and Lucinda Little, to the Mot.

---

General, Attorney General Josh Shapiro Announces Criminal Charges for Interference in Special Election in 197th Legislative District (Oct. 30, 2017), available at https://www.attorneygeneral.gov/Media_and_Resources/Press_Releases/Press_Release/?pid=4104. The mere filing of charges does not oust these officers from their positions, nor does it have any effect whatsoever on the dozens of other officials serving throughout the 197th Legislative District.

Indeed, just as the Attorney General has concluded that *district election officials* should be held responsible for their alleged interference in the special election, those same *district election officials* are the appropriate defendants in this action, and not the Secretary.

8

to Dismiss Filed by Defs., Pedro Cortés, Sec'y of the Commw., and the Dep't of State, Bureau of Commissions, Elections and Legislation, *Little v. Vazquez*, No. 17-1562 (E.D. Pa. July 19, 2017) (ECF No. 24); Honkala Supp. Br (*Little* ECF No. 34).

The *Acosta* plaintiffs' responses to the Secretary's brief of June 19, 2017, similarly fail to grapple with the applicable legal standards. Answer of Pls., Edward Lloyd and Orlando Acosta, to the Mot. to Dismiss of Def., Emilio Vazquez, *Acosta v. Vazquez*, No. 17-1462 (E.D. Pa. July 20, 2017) (ECF No. 43); Pls.' Mem. Of Law in Opp'n to Defs.' Emilio Vazquez and Phila. City Dem. Comm. Mot. to Dismiss the [Second] Am. Compl., *Acosta v. Vazquez*, No. 17-1462 (E.D. Pa. July 20, 2017) (ECF No. 44); Answer to Defs.['] 2nd Requested Mot. of Dismissal, *Acosta v. Vazquez*, No. 17-1462 (E.D. Pa. Aug. 4, 2017) (ECF No. 51).[9]

The Plaintiffs seek to dismiss these substantive arguments with nonspecific appeals to "fairness." The Secretary trusts that the Court has read and understood all of Defendants' filings in these cases, including Part III of the Secretary's previously-submitted Brief of June 19, 2017; based on their subsequent responses, Plaintiffs surely have not.

## IV. Conclusion

Plaintiffs have compiled an array of allegations, and invoke some of the most hallowed provisions in American law. Yet their complaints must still be scrutinized in accord with the strictures of Supreme Court precedent—and alas, the complaints fall short of those standards. Especially where the remedy sought is so dramatic—the invalidation of a state election through the intervention of the federal judiciary—Plaintiffs must provide more than the conclusory

---

[9] The Secretary's Reply Brief discusses in greater detail the deficiencies in the *Acosta* Plaintiffs' arguments. See Reply Br. of Sec'y Cortés and Dep't of State, Bureau of Commissions, Elections and Legislation in Supp. of Mot. to Dismiss Pls.' Second Am. Compl., *Acosta v. Democratic City Comm.*, No. 17-1462 (E.D. Pa. July 27, 2017) (ECF No. 45).

allegations included in the complaints here. Plaintiffs have further misstated the law and failed to engage with the Secretary's arguments; among their other failings, they have thus failed to state any claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Acting Secretary of the Commonwealth Robert Torres and the Department of State, Bureau of Commissions, Elections and Legislation, respectfully request this Honorable Court grant the motion to dismiss.

Respectfully submitted,

*/s/ Kathleen M. Kotula*
Kathleen M. Kotula
Deputy Chief Counsel
PA Attorney I.D. No. 86321
Pennsylvania Department of State
306 North Office Building
Harrisburg, PA 17120
(717) 783-0736
kkotula@pa.gov

*Counsel for Defendants, Robert Torres, Acting Secretary of the Commonwealth, and Department of State Bureau of Commissions, Elections and Legislation*

Dated: November 20, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO A. ACOSTA, et al., <br>      Plaintiffs, <br><br> v. <br><br> DEMOCRATIC CITY COMMITTEE, et al., <br>      Defendants. <br> _____ <br> LUCINDA LITTLE, et al., <br>      Plaintiffs, <br><br> v. <br><br> EMILIO VASQUEZ, et al., <br>      Defendants. | 2:17-CV-1462 <br><br><br><br><br><br> 2:17-CV-1562 |

## CERTIFICATE OF SERVICE

I certify that on November 20, 2017, I caused the foregoing Supplemental Brief of Defendants Acting Secretary of the Commonwealth Robert Torres and the Department of State, Bureau of Commissions, Elections and Legislation in Support of the Motion to Dismiss, to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties of record. In addition, I have caused this Supplemental Brief to be served by First Class Mail, postage prepaid, on the following:

 Orlando A. Acosta
 24 West York Street
 Philadelphia, PA 19133
 Tel: (267) 414-8774
 OrlandoAcosta688@gmail.com
 *Plaintiff*

Leslie Acosta
2527 N. Palethorp Street
Philadelphia, PA 19133
*Defendant*

Committee of Seventy
123 S. Broad Street #1800
Philadelphia, PA 19107
*Defendant*

                                      */s/ Kathleen M. Kotula*
                                      Kathleen M. Kotula