IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO A. ACOSTA, et al., <br>         Plaintiffs, <br><br> v. <br><br> DEMOCRATIC CITY COMMITTEE, et al., <br>         Defendants. | 2:17-CV-1462 |
| LUCINDA LITTLE, et al., <br>         Plaintiffs, <br><br> v. <br><br> EMILIO VASQUEZ, et al., <br>         Defendants. | 2:17-CV-1562 |

**SUPPLEMANTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants, the Philadelphia City Commissioners, Anthony Clark, Al Schmidt, and Lisa M. Deeley, and the Board of Elections (collectively the "City Defendants"), by and through their undersigned counsel, hereby file this Supplemental Memorandum of Law in Support of their Motions to Dismiss (*Acosta* ECF No. 33 and *Little* ECF No. 13) pursuant to the Court's direction at oral argument on September 14, 2017, and as confirmed in the Court's order of October 26, 2017 (ECF No. 62).

**I. MARKS IS INAPPOSITE AND PLAINTIFFS HAVE NOT PLEADED FACTS SUFFICIENT TO STATE A § 1983 CLAIM AGAINST THE CITY DEFENDANTS**

Plaintiffs claims against the City Defendants are based on their mistaken attempt to portray *Marks v. Stinson*, 19 F.2d 873 (3d Cir. 1994) as standing for the broad proposition that where there are allegations of voting rights violations a federal court must be involved. *Marks* sets forth no such rule. Rather, Marks stands for the narrow proposition that for a claim that a

governmental actor is liable under 42 U.S.C. § 1983 for an alleged violation of state election laws can go forward, there must be facts pleaded to support that claim and even then a federal court must consider the specifics of the election at issue. But Plaintiffs have not pleaded facts against the City Defendants sufficient to meet the pleading standards under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and Plaintiffs' Complaints must be dismissed.

Plaintiffs' reliance on *Marks* for their claims against the City Defendants elides over the manifold differences between this case and *Marks*. The Third Circuit recitation of facts in *Marks* detailed findings of fact from the District Court that included findings that the then Commissioners had assisted in one candidate's absentee ballot campaign in a manner "that was designed to aid the . . . campaign in obtaining more votes," and that "[t]he Board [of Election's] assistance to the . . . campaign was covert." *Marks*, 19 F.3d at 877-78. There are no such allegations against any of the City Defendants in this case. Indeed, as the City Defendants have argued in their prior briefs,[1] the only allegations against them are cursory recitations of the elements of the cause of action. In addition, in Marks the fact that the margin of victory was smaller than the number of illegal votes were cast through the absentee voting scheme than also warranted federal intervention. *Id.* At 888. Again, the allegations in this case are wholly distinct as the winning candidate received approximately 80% of the votes cast. Were the vote disparity similar in *Marks*, it appears likely that the Third Circuit would have found that federal intervention was not appropriate.

---

[1] *See Acosta* Dkt. 33, 46; *Little* Dkt. 13, 30. In the interest of brevity, the City Defendants have opted to refer back to prior briefing rather than restating prior arguments at length.

*Marks* does not stand for a broad proposition that would abrogate the federal pleading standards and require federal court intervention any time an election impropriety is alleged. Rather, Plaintiffs' Complaints must meet the *Iqbal/Twombly* pleading standards by pleading factual allegations that "plausibly give rise to an entitlement to relief," not conclusory statements. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016)(citing *Iqbal*, 556 U.S. 697); *see also Price ex rel. O.P. v. Scranton Sch. Dist.*, 11-cv-0095, 2012 WL 37090, at *4-5 (M.D. Pa. Jan 6, 2012) (Slomsky, J.) (*citing Iqbal* for the proposition that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and noting that a court should first ascertain the elements of a claim, then discount conclusions, then analyze whether remaining factual allegations plausibly give rise to a claim).  As the City Defendants argued in their prior briefs, the only allegations regarding the City Defendants are various iterations of the conclusory assertion that the Commissioners "failed to supervise" the special election.  *See Little* Dkt. 13 at 7-3; *Acosta* Dkt. 33 at 7-13.  As there are no non-conclusory allegations against the City Defendants, the claims against them must be dismissed.

## II. THE FACTUAL ALLEGATIONS IN THE COMPLAINTS ABOUT DISTRICT ELECTION BOARDS DO NOT STATE A CLAIM AGAINST THE CITY DEFENDANTS

In considering the City Defendants' motion to dismiss, the focus of this Court must focus on Plaintiffs' factual allegations about the City Defendants.  Each of the operative Complaints states only conclusory allegations against the City Defendants, while the factual allegations focus on the actions of party operatives, members of the district boards of elections, and other individuals in and around polling places on Election Day.  As the City Defendants have already demonstrated in their briefs, they have no "supervisory" authority over any of those individuals as that term is used in determining § 1983 liability.  Local district boards of elections are

independently-elected constitutional officers who the Commissioners and the Board of Elections do not control.  *See Little* Dkt. 13; *Acosta* Dkt. 33.  And there is simply no *respondeat superior* liability under § 1983 as Plaintiffs have not alleged any policies that resulted in the actions they allege violated their rights.  *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 692 (1978).  Plaintiffs attempt to graft their argument that the City Defendants have a supervisory role under the Election Code onto the required supervisory authority for § 1983 liability is without legal support.

### III. THE ELECTION CODE PROVIDES REMEDIES FOR THE ALLEGED ELECTION DAY IMPROPRIETIES AT ISSUE IN THIS LITIGATION

In their Supplemental Brief filed on November 8, 2017, Plaintiffs assert broadly that all the defendants to these actions have "taken the position they have no responsibility," and that this would mean in Pennsylvania "no one had the responsibility to stop misconduct on Election Day, other than criminal prosecution after the fact."  Suppl. Br. of Pls., *Little* Dkt. 34 at 7.  This entire argument is based on a selective reading of the Election Code.  Contrary to Plaintiffs claims, there were both Election Day and post-election remedies available to them other than post-election criminal prosecutions.  On Election Day, Plaintiffs could have sought relief in Election Court to address improper activities at the polls.  *See* 25 P.S. § 3046.  And after the election, they could have contested the election as specifically provided for by the Election Code.  *See* 25 P.S. § 3457.  And yes, after the election, there is potential criminal liability.[2]  Of course Plaintiffs' contention that the City Defendants have taken the position they have no responsibility ignores the key reason the City Defendants have moved to dismiss their

---

[2] The Office of Attorney General announced charges against four district election officials relating to the March 21, 2017 special election on October 30, 2017.  *See* https://www.attorneygeneral.gov/Media_and_Rsources/Press_Releases/Press_Release/?pid=4104.

Complaints: Plaintiffs factual allegations solely relate to the actions of individuals other than the City Defendants or their employees. In other words, to the extent this election was marked by wrongful acts, those were done by individuals acting outside of the control or responsibility of the City Defendants.

The Pennsylvania Election Code reflects the determination that its remedies are available to, and must be followed by, parties that believe themselves aggrieved by elections in the Commonwealth. Plaintiffs did not raise their claims in detail on Election Day in Election Court and chose not follow the Election Code procedures for challenging the election. They should not now be permitted to bypass the Pennsylvania Election Code and convert allegations about individual acts at individual polling places into a federal court claim that the City Commissioners and Board of Elections are liable under § 1983.

## IV. CONCLUSION

Plaintiffs Complaints contain only legal conclusions that the City Defendants should be liable for the alleged problems that occurred during the special election on March 21, 2017; in Plaintiffs' words, the City Defendants "failed to supervise" the election. But this conclusory allegation does not satisfy the requirements necessary to survive a motion to dismiss. Nor should it satisfy the Court that it should intervene in a state election matter where Plaintiffs did not question the computation of the vote and did not contest the election under the Election Code. This Court should not indulge Plaintiffs' attempt to skirt Pennsylvania's detailed Election Code by seeking to convert allegations of individual wrongdoing on election day into potential § 1983 liability for the Commissioners and others who have Election Day duties (but no supervisory authority over the alleged wrongdoers). The City Defendants respectfully request that Plaintiffs'

claims against the City Commissioners Anthony Clark, Al Schmidt, and Lisa M. Deeley, and the Board of Elections be dismissed with prejudice.

Respectfully submitted,

Date:   November 20, 2017

/s/ Benjamin H. Field
Benjamin H. Field
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5024
benjamin.field@phila.gov
*Counsel for Commissioner Anthony Clark,
Commissioner Al Schmidt, and
Commissioner Lisa M. Deeley
and the Board of Elections*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO A. ACOSTA, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>DEMOCRATIC CITY COMMITTEE, et al.,<br><br>        Defendants. | 2:17-CV-1462 |
| LUCINDA LITTLE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>EMILIO VASQUEZ, et al.,<br><br>        Defendants. | 2:17-CV-1562 |

## CERTIFICATE OF SERVICE

I certify that on November 20, 2017, I caused the foregoing Supplemental Brief of Defendants in Support of the Motion to Dismiss, to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will provide

electronic notice to all counsel and parties of record.  In addition, I have caused this Supplemental Brief to be served by First Class Mail, postage prepaid, on the following:

    Orlando A. Acosta
    24 West York Street
    Philadelphia, PA 19133
    Tel: (267) 414-8774
    OrlandoAcosta688@gmail.com
    *Plaintiff*

    Leslie Acosta
    2527 N. Palethorp Street
    Philadelphia, PA 19133
    *Defendant*

    Committee of Seventy
    123 S. Broad Street #1800
    Philadelphia, PA 19107
    *Defendant*

                                       */s/ Benjamin H. Field*
                                        Benjamin H. Field