## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERNDISTRICT OF PENNSYLVANIA

ORLANDO ACOSTA, et al.,                          Civil Action No. 2:17-cv-01462-JHS

*Plaintiffs*

*v.*

*Democratic City Committee, et al.,*

*Defendants*



### SECOND AMENDED CIVIL RIGHTS COMPLAINT

**I.        Preliminary Statement**

This amended complaint will be addressing issues concerning the special election that occurred on March 21st 2017 in the 197 District of Philadelphia Pennsylvania. This amendment will also address Constitution violations perjury and damages.

The Democratic Party endorsed Leslie Acosta as the incumbent candidate in 2016 the problem with that was that she had pled guilty to money laundering and embezzlement.

I Orlando Acosta ran as a write-in candidate against Leslie Acosta in the general election for the office of state representative of the 197 District. The Democratic Party endorsed Leslie Acosta even though she pled guilty to money laundering and embezzlement; when you commit a felony crime you cannot run for public office, for it is illegal. They stole the election from me in 2016, I went to Commonwealth Court and Judge James Garner Collins hands down a fortunately and bogus decision that wasn't even legally submitted to the docket with that type of fraud and denying me the Democratic seat of state representative of the 197th District. It has emotionally and financially affected me and my family I could not provide a economic stable environment for me or my family and put a strain on my marriage.

On March 21st 2017 I ran again as a write-in candidate in the special election. The 197 District Democratic Party had meetings to plan an organized their strategy to fraudulently steal the 197 District special election on March 21st 2017. They had meetings with ward leaders and committee people and former state representative Leslie Acosta also had endorsed a candidate a convicted felon cannot be involved in politics so this has financially affected me and

emotionally affected me as well to have something taken from you to have worked hard for I am a 11 advocate this was clear emotional intent to deprive me of what I and work hard for and earned this is also financial hardship as well.

Freddy Ramirez was the Democratic candidate for the Democratic Party he was challenged by the Republican candidate Lucinda little from the Republican Party she challenged him on his residency within the District of the 197 District it was later found out that he did not resigned in the district and he was removed from the ballot prior to the election so the Democratic Party had to put up another candidate by the name of Emilio Vasquez the Democratic Party had meetings with war leaders and some committee people on how to strategize for the upcoming special election on March 21st 2017 the Democratic Party and Emilio Vasquez had put out posters prior to the special election stating that Emilio Vasquez was the only Democratic candidate on the ballot which was not true at all it was only one candidate on the ballot that was the Republican candidate Lucinda little everyone else that was running for the state representative seat in the 197 District was a write-in candidate Emilio Vasquez as a candidate  committed perjury and wire fraud under the Rico statue 1343 and under state law as a candidate he violated state code pa code 3551.

The day after the special election occurred  the state legislative branch of Harrisburg and the leadership team  called a  news conference  the individuals that called for the news conference where  state representative (John Taylor) ( majority)Leader) ( David) (Reed)  And (Speaker of the House) (Mike Turzia) the legislative branch of Harrisburg  called on State Attorney General Josh Shapiro to Launch an investigation into the 197 District special election 2017 the legislative branch of Harrisburg had a duty and a responsibility to the constituents of Philadelphia not to certify the 197 District special election until the investigation by State Attorney General Josh Shapiro was completed on December 7th 2017 and December 28th 2017 a convicted felon former state representative Leslie, Acosta played a significant role in the corruption of the special election of the 197 District on March 21st 2017.

In 2016 former state representative Leslie Acosta plead guilty to money laundering and embezzlement the nonprofit organization named the Democratic Party which is a nonprofit organization 527 entity this a nonprofit political organization endorsed her candidacy She played a significant role by having an influence on the outcome. She setting up meeting with the committee people and War leaders/ she was endorsing a Candidate by the name of Freddy Ramirez who later was found not to live in the 197 District.

There were 4 people that were charged with fraud in the 197 District special election.  They were charged by the State Attorney General office on October 30th 2017. The four people that were charged names follow: Dolores Shaw (61), Calvin Maddox (52), Thurman George (57), Wallace Hill (60). All these people were charged with felonies and misdemeanor offenses.

## II.     Venue and Jurisdiction

1. This honorable court has jurisdiction over federal questions pursuant to 28 U.S.C. 1331 and supplemental jurisdiction over state causes of action pursuant to 1367.

2. This action is venued before this honorable court given that parties reside here, do business here and the properties and actions here in after more fully described all take place in this venue.

### III.  Parties
1. See attached document, titled list of defendants.
### IV.  Operative Facts

1. of this amended complaint / statements. By the defense attorneys in the court hearing on September 14th 2017 the defense attorneys were arguing jurisdiction one attorney (stated) in the September 14th 2017 transcripts that federal courts should not be involved and tinkering with State elections the attorney that made this statement was Mr. Adam Bonin this statement was made on page 34 of the transcripts.

2. of this amended complaint deals with PERJURY 18 U.S. code 1621 / done by the defense attorney Mr. Adam Bonin perjured himself when he made the statement on court record the that the federal courts should not be tinkling in state elections. Attorneys are officers of the Court first and responsibility to their clients second attorneys have a duty and a responsibility to uphold the oath which they swear to. They also have a responsibility to defend the United States Constitution and the state constitution of the Commonwealth and the law that governs attorneys and what they swear to is PA code 2522. Oath of office.

Mr. Adam Bonin stated in his brief filed on November 20th 2017, he stated that plaintiffs did not Avail their self to seek remedy in State Court but that is a misrepresentation of constitutional facts and legal fact. As Mr. Adam Bonin already knows if a case has issues of basic rights violations and constitutional violations plaintiffs have the right to file a complaint in either State Court or federal court most of the time if it has anything to do with rights being violated or constitutional issues federal court supersedes State Court when it comes to these particular issues. Just look at the United States Constitution article 3 section 2 where it talks about jurisdiction or you can reference to the Federal Campaign Act of 1971. Also, please refer to article 6 of the United States Constitution the / Supremacy clause.

3. of this amended complaint the 11th Amendment of the United States Constitution gives immunity to the states/But Not IN ALL Situations.


SHOWING HOW THE STATE/ The administrators OF THE RETURN BOARD instructed state agents/ employees of the bureau of Elections and legislation to commit illegal and fraudulent activity on the state payroll during working hours of their employment after the special election the occurred. In the 197 District on March 21st 2017 The return board is the main state entity that oversees everything when it comes to election results.  this board's responsibility is to make sure then all the election numbers and everything was done right as far as the results are concerned they do the number count if this return board sees any irregularities they are to summon the Board of Elections the machine inspector the minority inspector anyone that was

involved and participated in the corrupt activity of the election on that day and then they have to write up a report and then they had to contact the District Attorney's office.

## V.   History of Person in Philadelphia Political Corruption

The History of persons in Philadelphia political corruption, organized and selective enforcement, abusive process, violation of due process, and acts of violations of equal protection, first amendment violations, and Monell case law violations, also plaintiffs are obligated to report RICO for federal grand jury indictment and convictions, other.

See the nonprofit watchdog political organizations, committee of 70, complaints?

This is a nonprofit organization that overseas Political elections.
This political nonprofit organization is supposed to make sure that everything is ran properly and fair. They receive government funding because they are supposed to be a political nonprofit watchdog group, but on March 21st 2017 they were nowhere to be found when it came to overseeing and making sure that the integrity of the special of the 197-special election was ran honestly and fairly for all the people of Philadelphia.

The Democratic City committee, is a political 527 tax-exempt nonprofit organization based here in Philadelphia the chairman at that time was named Bob Brady. Bob Brady was a very Hands-On individual when it came to politics and candidates at the meetings that were conducted by former state representative Leslie Acosta, chairman Bob Brady was allegedly at this meeting along with several Ward leaders and State committee members they were discussing endorsing candidates for the 197 District special election on March 21st 2017. This was reported by the Philadelphia weekly newspaper about to critical meetings that occurred prior to the special election of the 197 District. At these meetings, this is where the illegal activity was well-planned an orchestrated the chairman Bob Brady and convicted felon Leslie Acosta the ward leaders and the Democratic State committee members that attendant these meetings prior to the special election of the 197 District.
The defense attorneys are trying to say that people acted on their own accord and that is simply not true you cannot have this level of corruption in a special election unless it is well organized and planned out.

### 1.   Election FRAUD

There were 4 people that were charged with fraud in the 197 District special election.  They were charged by the State Attorney General office on October 30th 2017. The four people that were charged names follow: Dolores Shaw (61), Calvin Maddox (52), Thurman George (57), Wallace Hill (60). All these people were charged with felonies and misdemeanor offenses.

I Orlando A. Acosta am seeking $10 million dollars, for the damages done to myself and my family because of these actions done by the Democratic City Committee and a Democratic Party.

Causation the Democratic Party intentionally committed fraudulent Acts to fraudulently win an election the elected parties involved were the war leaders under the authority of the Democratic Party these War leaders committed fraudulent activity and that falls under the RICO Act this was done intentionally.  All of this did not just start when the special election occurred this started back in 2016 when I ran for state representative as a write-in candidate this is Been going on now for about 2 to 3 years this did not just occur with the special election this goes all the way back to the general election in 2016 when I ran against former State Rep Leslie Acosta as a write-in candidate Federal rules of civil procedure rule 56.

Summary judgment (Title 18 USC-4) Also USC Law 144 this case has criminal law jurisdiction as well as common law jurisdiction and it also has subject matter jurisdiction and constitutional law jurisdiction

### 2.  Constitutional law

We the People of the United States in order to form a more perfect Union establish Justice insure domestic tranquility provide for the common defense promote the general welfare and secure the blessings of Liberty to ourselves and our posterity do ordain and establish this constitution for the United States of America.

### 3.  This court does have subject matter jurisdiction

Case law Sovereign Law; 54950, In enacting this chapter the legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the contact of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.

The People of this State do no yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created. (added by Stats. 1953 Ch. 1588.)

54950.5 This chapter shall be known as the Ralph M. Brown Act.
(Added by stats. 1961, Ch. 115.)

Laws that waive the immunity Clause of the States / 11th Amendment of the United States Constitution.

1908 Ex.  Parte v.s. Young/ United States Supreme Court rulings

Cunningham v.s.  Macon & BRUNSWICK R.R.CO. .US. 184 Ex.

Osborn v.s. United States Bank

*I have attached more case law to support my argument with my amended complaint*

Causation the Democratic Party intentionally committed fraudulent Acts to fraudulently win an election the elected parties involved were the ward leaders under the authority of the Democratic Party these War leaders committed fraudulent activity and that falls under the RICO Act this was done intentionally.  All of this did not just start when the special election occurred this started back in 2016 when I ran for state representative as a write-in candidate this is Been going on now for about 2 to 3 years this did not just occur with the special election this goes all the way back to the general election in 2016 when I ran against former State Rep Leslie Acosta as a write-in candidate Federal rules of civil procedure rule 56.

Summary judgment (Title 18 USC-4) Also USC Law 144 this case has criminal law jurisdiction as well as common law jurisdiction and it also has subject matter jurisdiction and constitutional law jurisdiction

### 2.  Constitutional law

We the People of the United States in order to form a more perfect Union establish Justice insure domestic tranquility provide for the common defense promote the general welfare and secure the blessings of Liberty to ourselves and our posterity do ordain and establish this constitution for the United States of America.

### 3.  This court does have subject matter jurisdiction

Case law Sovereign Law; 54950, In enacting this chapter the legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the contact of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.

The People of this State do no yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created. (added by Stats. 1953 Ch. 1588.)

54950.5 This chapter shall be known as the Ralph M. Brown Act.
(Added by stats. 1961, Ch. 115.)

Laws that waive the immunity Clause of the States / 11th Amendment of the United States Constitution.

1908 Ex.  Parte v.s. Young/ United States Supreme Court rulings

Cunningham v.s.  Macon & BRUNSWICK R.R.CO. .US. 184 Ex.

## Continued List of Defendants

1. Democratic City Committee

2. Pedro Cortes

3. The Return Board

4. Commissioner, Anthony Clark

5. Commissioner, Lisa Deely

6. Commissioner, Al Schmidt

7. Committee of Seventy

8. Emilio Vasquez, Ward-leader

9. Carlos Matos, Ward-leader

10. Elaine Tomlin Ward-leader

11. Jewell Williams, Ward-leader

12. Dwayne Lilies, Ward-leader

13. Shirley Gregory, Ward-leader

14. El- Armor Brown Ali, Ward-leader

15. Leslie Acosta, Former State Rep.

16. Mike Turazi, State Rep. Speaker of the House

17. City Commissioners

Cornell Law School

U.S. Code › Title 28 › Part I › Chapter 5 › § 144

# 28 U.S. Code § 144 - Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. (June 25, 1948, ch. 646, 62 Stat. 898; May 24, 1949, ch. 139, §65, 63 Stat. 99.)

▷ **Ask a Lawyer - Free**
✕

documents, drug crimes, speeding tickets, citations, misdemeanors, and more. PLEASE BE CAREFUL when conducting a search. Records are not censored

external Internet site that contains

Tru▷·✕

**Access Now**

About LII

Contact us

Advertise here

Help

Terms of use

Privacy

# Federal Crime Reporting Statute

**INDEX**

**TABLE OF CONTENTS**

Federal crime reporting statute.

Misprision of a felony.

Another federal statute for seeking to force a federal officer to perform a mandatory duty.

Decades of worldwide consequences of corruption of people in control of key U.S. government positions.

Documentary books showing corruption among U.S. leaders and related tragedies.

Amazon.com ordering links.

## Federal Crime Reporting Statute

The federal offense of failure to disclose a felony, if coupled with some act concealing the felony, such as suppression of evidence, harboring or protecting the person performing the felony, intimidation or harming a witness, or any other act designed to conceal from authorities the fact that a crime has been committed.

> **Title 18 U.S.C. § 4**. Misprision of felony. Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

A federal judge, or any other government official, is required as part of the judge's *mandatory* administrative duties, to receive *any* offer of information of a federal crime. If that judge blocks such report, that block is a felony under related obstruction of justice statutes, and constitutes a serious offense.

Upon receiving such information, the judge is then required to make it known to a government law enforcement body that is not themselves involved in the federal crime.

## Misprision of a Felony

Misprision of a felony is the offense of failure to inform government authorities of a felony that a person knows about. A person commits the crime of misprision of a felony if that person:

- Knows of a federal crime that the person has witnessed or that has come to the person's attention, or failed to prevent.
- Fails to report it to a federal judge or other federal official (who is not thems4elves involved in the crime).

## Another Federal Statute for Forcing A Federal Officer To Perform a Mandatory Duty

Another federal statute exists for reporting high-level corruption in government:

> Title 28 U.S.C. § 1361. Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction

**42 Pa.C.S.A. § 2521**
Note 3

rights. In re De Querioz' Estate, 59 Montg. 98 (1943).

While an attorney cannot compromise his client's claim without proof of authority beyond that implied by the relationship, the act of an attorney affecting the relation of his client with a third person, done in accordance with the client's manifestation of consent, although without special authority, may bind the client. Siek v. Majewski, 46 Wash.Co. 27, 39 Pa. D. & C.2d 535 (1965). Attorney And Client ⟐ 101(1)

**4.  Duration of authority**
Where an attorney had been retained by a borough for about five years, he had

authority to enter a plea in an action which had been pending for over eight years, where his official relations did not expire until some days after the plea was entered. Munley v. Sugar Notch Borough, 64 A. 377, 215 Pa. 228, Sup.1906. Attorney And Client ⟐ 88

After judgment, the plenary power of the attorney in a great measure ceases, except as to his power in receiving the amount of the judgment, and giving a receipt for it. Somers v. Balabrega, 1 Dall. 177, 1785; Reinholdt v. Alberti, 1 Binn. 469, 1808; Stackhouse v. O'Hara's Executors, 14 Pa. 88, 1850; Babb v. Stromberg, 14 Pa. 397, 1850; Bracken v. Pittsburg, 27 Pitts. 202, 1880.

**ORGANIZATION** **REPRESENTATION**

Treatises and Practice Aids
Standard Pennsylvania [...]
§ 4:19, Local Rules [...]
to Practice Law.

In general  1

**In general**
An attorney is expressly [...] official oath to behave hi[...] tice of attorney with all du[...] court as well as the clien[...] ates it when he consciou[...] unjust judgment;  m[...] when he presses for the c[...] nocent man.  Rush v. Ca[...]

## § 2522.  Oath of office

Before entering upon the duties of his office, each attorney at law shall take and subscribe the following oath or affirmation before a person authorized to administer oaths:

"I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity, as well as to the court as to the client, that I will use no falsehood, nor delay the cause of any person for lucre or malice."

Any person refusing to take the oath or affirmation shall forfeit his office.

1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978.

**§ 2523.  Persons [...]**

Any person specia[...] 23, 1968 may continu[...] that division of the [...] Municipal Court whi[...] such person was prev[...] 1976, July 9, P.L. 586, [...]

**Official Source Note:**
Derived from Consti[...] Schedule § 29.

Attorney and Client ⟐ 7[...]
Westlaw Topic No. 45.
C.J.S. Attorney and Clie[...]

### Historical and Statutory Notes

**Official Source Note:**
Derived from Constitution, Art. VI, § 3 and act of April 14, 1834 (P.L. 333), § 69 (17 P.S. § 1603).

**Prior Laws:**
Const.1874, Art. 6, § 3.

1834, April 14, P.L. 333, §§ 68, 69 (17 P.S. §§ 1602, 1603).
1750, Jan. 27, 1 Sm.L. 203, § 2 (68 P.S. § 122).

Treatises and Practice Aid[...]
Standard Pennsylvania [...]
§ 4:22, Admission Pr[...]

### Library References

Attorney and Client ⟐ 8.
Westlaw Topic No. 45.
C.J.S. Attorney and Client § 23.

**§ 2524.  Penalty [...]**

**(a) General rule.-** [...] son, including, but [...] within this Commo[...] himself out to the p[...]



**DIVISION 2. CITIES, COUNTIES, AND OTHER AGENCIES [53000 - 55821]** *( Division 2 added by Stats. 1949, Ch. 81. )*

**PART 1. POWERS AND DUTIES COMMON TO CITIES, COUNTIES, AND OTHER AGENCIES [53000 - 54999.7]** *( Part 1 added by Stats. 1949, Ch. 81. )*

**CHAPTER 9. Meetings [54950 - 54963]** *( Chapter 9 added by Stats. 1953, Ch. 1588. )*

**54950.** In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.

The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is

good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created.

*(Added by Stats. 1953, Ch. 1588.)*

**54950.5.** This chapter shall be known as the Ralph M. Brown Act.

*(Added by Stats. 1961, Ch. 115.)*

Sent from my iPhone

From: **michael hickson** mikalh47@gmail.com
Date: **Feb 12, 2018 at 3:35:29 PM**
   To: mikalh47@gmail.com

 Mail                     **3:34 PM**                    

≡           **defraudingamerica.com**           ↻

## Federal Crime Reporting Statute

### Federal Crime Reporting Statute

The federal offense of failure to disclose a felony, if coupled with some act concealing the felony, such as suppression of evidence, harboring or protecting the person performing the felony, intimidation or harming a witness, or any other act designed to conceal from authorities the fact that a crime has been committed.

> **Title 18 U.S.C. § 4**. Misprision of felony. Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

A federal judge, or any other government official, is required as part of the judge's *mandatory* administrative duties, to receive *any* offer of information of a federal crime. If that judge blocks such report, that block is a felony under related <u>obstruction of justice statutes</u>, and constitutes a serious offense.

Upon receiving such information, the judge is then required to make it known to a government law enforcement body that is not themselves involved in the federal crime.

### Misprision of a Felony



United States Department of Justice
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street
Philadelphia, PA 19106-4476
215-861-8200

# CITIZEN REPORT FORM

The United States Attorney's Office is responsible for the prosecution of persons accused of violating federal laws and for representing various officers and agencies of the federal government in civil actions. Accordingly, our office can only undertake those cases falling within federal jurisdiction as described above.

Name: _Orlando Acosta_                     Date: _1-29-2018_

Address: _5355 Belfield Avenue_

Home Phone: _none_          Cell: _484- 358-3923_

Who referred you to this office? _Nobody I am a walk-in_

Have you ever completed a report or provided information to this office before?

Yes_____   No __✓__   If yes, when? _____

List all public agencies you have contacted regarding this matter, when the agency was contacted, and the result: _State Attorney General Office_
_FBI_

Do you have an attorney representing you in this matter? Yes_____   No __✓__

If yes, list the name, address, and phone of the attorney: _____

_____

Is there a court action pending? Yes _✓_ No ___ If yes, where? _in Federal court_
_Case Number 2-17-CV-01462_

Briefly describe your issue or information. Use the reverse side of this form if necessary. If you have any documents, please have copies available to attach. This office cannot provide copies for you.

_I attached some documents to my complaint_

_____

_____

_____

Cornell Law School

# Legal Information Institute ⌈LII⌉
OPEN ACCESS TO LAW SINCE 1992

U.S. Code › Title 18 › Part I › Chapter 79 › § 1621

# 18 U.S. Code § 1621 - Perjury generally

Whoever—

**(1)** having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

**(2)** in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;

is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or ~~ption~~ is made within or without the United States.



▷ **The PA Workers Comp Attorneys**
✕

}1, Oct. 3, 1964, 78 Stat. 995; Pub. L. 94– title XXXIII, §330016(1)(l), Sept. 13, 1994,

~~...Stat. ....)~~

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*



**Pond Lehocky Law Firm**                    We'll Help You Get Your Life ✕
100% Free Work Comp Evaluation               Back. See if You're Entitled to ▷
                                             Workers Comp Now!
                                             pondlehocky.com/PA/Free-Evaluati...

About LII

Contact us

Advertise here

Help

Case Number - 2064 CD 2016

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Orlando A Acosta          )
Appellant,        )
                  )
vs.               )
                  )
Leslie Acosta   )
                  )      Commonwealth Court NO 16110205
Appellees.      )      Superior Court No. 3PA-02-12345 CI
_____   )

### APPELLANT'S OPENING BRIEF

Appeal   of the Commonwealth   Court
Philadelphia PA

Orlando A. Acosta,
524 W York Street
Philadelphia, PA 19133
(267) 414-8774 phone

By:  Orlando A. Acosta

Filed in common pleas court
November 28, 2016

By:  _____

## TABLE OF CONTENTS

JURISDICTIONAL STATEMENT.........................................................................page 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW................................page 2

STATEMENT OF THE CASE........................................................................page 3

ARGUMENT...............................................................................................page 4
i. Convicted felon at time of the election........................................page 4
ii. Conviction not complete.............................................................page 5

CONCLUSION...........................................................................................page 6

## JURISDICTIONAL STATEMENT

This Court has jurisdiction of this civil appeal under General rule that states that an appeal may be taken as of right and without reference to Pa.R.A.P. 341(c). The appellant has timely perfected this appeal. The clert of the cout mailed notice of judgment of December 9, 2016 at 3:34 pm.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Whether Ms. Leslie Acosta was disqualified from running for
State Representative in the 2016 election due to pleading guilty
to the charge of embezzlement, thus making her victory illegal
and resulting in Orlando Acosta—the only person who should be
declared the winner because he was the only contestant to
challenge the election result in the allotted time.

## STATEMENT OF THE CASE

In March 2016, Ms. Leslie Acosta plead guilty to an embezzlement and money laundering scheme. At the time, Ms. Acosta was serving as State Representative in the General Assembly. Despite being a convicted felon, Ms. Leslie accepted the Democratic Party's nomination for reelection while unopposed. Ms. Acosta went on to compete in the general election, wherein she received the majority of the votes. Despite this supposed victory, Ms. Acosta was unsuccessful in sidestepping the law. September 20, 2016 Governor Tom Wolf and United States Representative Tom Brady requested that Ms. Acosta resign from the post. Ms. Acosta did not submit her resignation until January 3, 2017. Ms. Acosta's resignation will trigger the Special Election process in which Democratic party leaders will choose her replacement. It is important to note here that Mr. Orlando Acosta, who declared himself a candidate, had a number of write in votes and he was the only contestant to challenge the results in the allotted timeline.

## ARGUMENT

As a convicted felon, Ms. Leslie Acosta was ineligible to run for State Representative, thus voiding her victory. Her argument that her conviction was not yet complete at the time of the election because she had not yet been sentenced is wholly without merit.

As such, the appellant respectfully asks this Court to grant Mr. Orlando Acosta, the eligible person with write in votes who contested the election, the position of State Representative.

I.   Since the election of Ms. Leslie Acosta as State Representative was illegal as she was a convicted felon at the time of the election, Mr. Orlando Acosta, the only person who should be declared the winner because he was the only contestant to challenge the election result in the allotted time.

The Constitution of Pennsylvania states in no uncertain terms that "no person hereafter convicted of embezzlement of public moneys, bribery, perjury or other infamous crime, shall be eligible to the General Assembly, or capable of holding any office of trust or profit in this Commonwealth (Pennsylvania Constitution, Article II, Section 7). Since Ms. Leslie Acosta plead guilty to the felony charge of embezzlement in early 2016, she was thus ineligible to run for State Representative in the general election. As such, her victory is null and void.

January 3, 2017, Ms. Acosta submitted her resignation. Her resignation will trigger the Special Election process in which Democratic Party leaders will attempt to choose her replacement. Because Ms. Acosta's victory was illegal, she was technically never reelected. Only those who have legally won an election as State Representative can resign from such a position. Since Ms. Acosta never legally held a position from which she could resign, there is thus nothing to trigger the Special Election process.

Ms. Acosta's candidacy was fraudulent at worst and nonexistent at best. As such, the eligible person with votes, who contested the election, and the victor in this election, is Mr. Orlando Acosta.

II.   **Ms. Acosta's claim that her conviction was not "complete" at the time of the election since she had not yet been sentenced––thus allowing her to run for office––flies in the face of both black letter law and common sense.**

Ms. Acosta has maintained that she was eligible to run for office despite her guilty plea to a felony charge of embezzlement because she had not yet been sentenced. She argues that only after sentencing is her conviction "complete," thus making her eligible to run for State Representative.

This argument goes against Black's Law Dictionary definition of "conviction," which is: "the result of a criminal trial which ends in a **judgement or sentence** that the prisoner is guilty as charged" (emphasis added). Here, Ms. Acosta's guilty plea resulted in a **judgement** of her guilt. At the risk of belaboring the obvious, the definition of "conviction" includes EITHER judgment OR sentence. In no way can the definition be read such that sentencing is required for conviction to have taken place. Rather, sentencing can be one of two methods in which a conviction can be considered "complete."

But even if Ms. Acosta is able to convince this Court that the lack of completeness of her conviction made her eligible to run for office, she risks insulting this Court's use of common sense. Ms. Acosta ran for State Representative in November 2016, fully aware that her sentencing hearing loomed ahead in January 2017, just two months after the election and mere days after swearing in. To suggest that Ms. Acosta thought herself eligible to represent her community in the General Assembly for only few days until her sentencing is asking this Court to overextend its courtesy of providing one the benefit of the doubt. An objective view these facts and circumstances makes clear Ms. Acosta's failed attempt to operate outside the bounds of the Pennsylvania State Constitution by running for and accepting the office of State Representative while having plead guilty to a felony.

**CONCLUSION**

Ms. Leslie's election as State Representative is void because she is a convicted felon. Further, Ms. Acosta unsuccessfully argues that her conviction was not yet complete since she had not yet been sentenced. A judgment of guilt is a complete conviction, and thus makes her ineligible to run for State Representative.

As such, the appellant respectfully asks this Court to grant Mr. Orlando Acosta, the eligible person who contested the election in a timely fashion, the position of State Representative.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Orlando A. Acosta, | : |
| Appellant | : |
| | : |
| v. | : No. 2064 C.D. 2016 |
| | : |
| Leslie Acosta (State Rep) | : |

## O R D E R

AND NOW, this 24th day of January, 2017, the Order of the Court of Common Pleas of Philadelphia County in the above captioned matter is AFFIRMED.

*Jams Gardner Colins*
_____
**JAMES GARDNER COLINS, Senior Judge**

Certified from the Record

JAN 2 4 2017

and Order Exit

can only be resolved by the legislature and the courts have no jurisdiction over such a challenge. *See Balmer v. Pippy*, 702 A.2d 587, 590-91 (Pa. Cmwlth. 1997). Because Appellant filed his petition challenging State Representative Acosta's eligibility on November 28, 2016, after the November 8, 2016 General Election, neither the trial court nor any other court in this Commonwealth has jurisdiction to rule on her eligibility.

Accordingly, the dismissal of Appellant's petition is affirmed.

_____

**JAMES GARDNER COLINS, Senior Judge**

2

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Orlando A. Acosta,
        Appellant       :
                         :
                         :
         v.                  :     No. 2064 C.D. 2016
                         :
Leslie Acosta (State Rep)       :

**PER CURIAM**            **ORDER**

       NOW, February 16, 2017, upon consideration of appellant's application for reconsideration of this Court's January 24, 2017 order, the application is denied.

Certified from the Record

FEB 1 6 2017

And Order Exit

Cornell Law School

U.S. Code › Title 18 › Part I › Chapter 96 › § 1964

# 18 U.S. Code § 1964 - Civil remedies

**(a)** The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

**(b)** The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.

**(c)** Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

**(d)** A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.

(Added Pub. L. 91–452, title IX, § 901(a), Oct. 15, 1970, 84 Stat. 943; amended Pub. L. 98–620, title IV, § 402(24)(A), Nov. 8, 1984, 98 Stat. 3359; Pub. L. 104–67, title I, § 107, Dec. 22, 1995, 109 Stat. 758.)

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

§ 3551. Candidate violating act disqualified from holding office, PA ST 25 P.S. § 3551

| Purdon's Pennsylvania Statutes and Consolidated Statutes |
| Title 25 P.S. Elections & Electoral Districts (Refs & Annos) |
| Chapter 14. Election Code (Refs & Annos) |
| Article XVIII. Penalties |

25 P.S. § 3551

§ 3551. Candidate violating act disqualified from holding office

Currentness

Any person who shall, while a candidate for office, be guilty of bribery, fraud or willful violation of any provision of this act, shall be forever disqualified from holding said office or any other office of trust or profit in this Commonwealth.

**Credits**

1937, June 3, P.L. 1333, art. XVIII, § 1851.

Notes of Decisions (1)

25 P.S. § 3551, PA ST 25 P.S. § 3551
Current through 2017 Regular Session Act 32

**End of Document**                                            © 2017 Thomson Reuters. No claim to original U.S. Government Works.

# Convicted Rep. Leslie Acosta weighs in on... her own replacement

- Max Marin
- Dec 7, 2016
- <u>0</u>

-
-
-

In a closed-door meeting in September, ward leaders met with Cruz and Democratic City Committee Chairman Bob Brady to discuss Acosta-gate, according to City & State PA. They agreed to tap Noelia Diaz, a political activist last seen campaigning for Manny Morales' failed bid to unseat Councilwoman Maria Quiñones-Sánchez. Acosta could not be reached for comment. But on El Zol, she suggested that, if she is forced to resign, she wants to bequeath the seat to Freddy Ramirez, president of Pan-American Mental Health Services.

She argued that Ramirez was "scandal free." Cruz told PW that the ward leaders would not back Ramirez.

"Freddy Ramirez is worse than [Acosta is]," Cruz said. "There's a huge conflict of interest. He runs a mental health clinic in his district… I have more authority than [her] in the 197 because I represented it for ten years," referring to the district map before it was gerrymandered into oblivion.

Calls to Ramirez were not returned by press time.

Ramirez's role at a mental health clinic may pose another issue. After all, Acosta's confessed felony dates back to her employment at Juniata Community Mental Health Clinic before she was elected. She is reportedly cooperating in the federal case against the one of Juniata clinic's politically connected founders, Renee Tartaglione, the daughter of former battleax city commissioner Margaret "Marge" Tartaglione and sister of State Sen. Christine "Tina" Tartaglione.

Upon returning to Harrisburg in November, she was received with cold shoulders and unforgiving remarks from her colleagues. Many have openly accused her of wearing a wire on behalf of federal agents. Wrapping up her El Zol session, however, Acosta maintained a wait-and-see outlook.

"The fat lady has not sung yet," Acosta said. "I'm still in the seat. I have a big surprise for people in January, so stay tuned."

*Martin Martinez contributed to this report.*

- 
- 
- 
- 
- 

Save

State Rep. Leslie Acosta knows her days are numbered in Harrisburg.

So it goes when you confess to the feds that you conspired to commit money laundering, which Acosta did back in April. And while she was re-elected without contest in November, her colleagues in the state capital aren't jonesing to reseat a convicted felon come the new year.

Least of all Acosta's former ally, State Rep. Angel Cruz.

Acosta has kept mum with the press about a "surprise" legal argument to retain her seat for a second term. Last weekend, however, she made an hour-long appearance on the Spanish-language radio station El Zol, in which she trash-talked Cruz and threw in the name of her own potential replacement candidate.

"When someone is in love with themselves and with power, and with influence that [Cruz] thinks he has, I think he thinks this a contest," Acosta said in Spanish, speaking with the hosts of the Ritmo de la Comunidad program. "Let's be clear…I don't want to personally attack Angel, but I think that Angel at this stage should stay neutral in the situation and show more respect."

Acosta was referring to Cruz working with ward leaders in Acosta's district to hand-pick her replacement if and when she is forced to step down in January, which would trigger a special election. But Acosta didn't stop there.

"The motive here is [Cruz] doesn't want any competition in Harrisburg," Acosta said on El Zol. "He wants to be the only one in Harrisburg who represents [the Latino community] over there. And this would be perfect if he were a person who would work hard to do something constructive in this community, but what Angel Cruz has done is divide this community and do things that don't make any sense. He should be worried about his district … that in 16 years he hasn't done a thing for, and everyone knows this."

Reached by *PW* on Tuesday, Cruz said that Acosta's recent radio appearances—she made another on Sunday, he said—were an attempt to coax him into battle.

"If five people heard her interviews, that's a lot. She just wants me to hear it so that I'll attack," Cruz said. "Well listen, I got better things to do with my time."

Cruz and Acosta's districts share borders in the Latino quarters of North Philly, with Acosta's stretching over into the predominantly African-American neighborhoods west of Broad Street. But Acosta argued on El Zol that Cruz shouldn't be meddling in her district's politics.

**COURT OF COMMON PLEAS PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CIVIL**

|  |  |  |
|---|---|---|
| | : | Court of Common Pleas |
| | : | |
| Orlando A. Acosta | : | November Term, 2016 |
| | : | No.:   002505 |
| v. | | |
| Leslie Acosta (State Rep) | | |
| Appeal No.: 2064 CD 2016 | | |



Acosta Vs Acosta-OPFLD

16110250500014

OPINION

On November 28, 2016, the Court received a "Petition to Challenge Election for State Rep," filed by Orlando A. Acosta alleging that he had won the seat for state representative of the 197 District because in March 2016, state representative-elect Leslie Acosta pleaded guilty to one count of money laundering in federal court which should have precluded her name from appearing on the ballot in the November 8, 2016 general election. Leslie Acosta had run unopposed for re-election. Attached to the petition was an article titled "State rep has a secret: She's a convict," published September 16, 2016 from Philly.com/News by Jeremy Roebuck (re-printed by appellant on November 7, 2016). The article alleges that Leslie Acosta pleaded guilty to one count of conspiring to commit money laundering in connection with an embezzlement scheme involving her former boss at Fairhill Mental Health Clinic. The admission of guilt was alleged to be under seal and sentencing deferred pending Leslie Acosta's cooperation on other federal investigative matters. The petition also included a copy of rule 704-Procedure at time of Sentencing, an

1

article titled "Write-in votes put 2 Pennsylvania Democrats on November

Ballot," a Chicago Tribune article dated Tuesday February 25, 2014, titled

"Convicted felons—when and where they can run for office," and a copy of

Article II of the Pennsylvania Constitution. Appellant further claimed that he

should be state representative

Following review of the petition and the applicable law, the Court

determined that it was without jurisdiction to address the petition. On

December 6, 2016, an order was entered indicating that the Court was without

jurisdiction to address the petition. See Balmer v. Pippy, 702 A.2d 587, 590

(Pa. Commw. Ct. 1997)(when the candidate has been elected, he or she is no

longer a "candidate;" he or she is a member-elect of the Legislature and, hence,

the jurisdiction of the judiciary is extinguished, and the exclusive jurisdiction

of the Legislature attaches.).

Moreover, on January 3, 2017, Leslie Acosta resigned. Accordingly, this

issue is now moot.


BY THE COURT:


SHEILA WOODS-SKIPPER,  PJ.

# Ward leaders in backroom battle over replacement for convicted State Rep. Leslie Acosta

- Max Marin
- Dec 28, 2016
- [0](#)

- 
- 
-

- 
- 
- 
- 
- 

Save

They kept calling for order in the room. Some were indignant, others incredulous.

Two weeks ago, convicted State Rep. Leslie Acosta held a "community meeting" with about 30 committee members and various political watchdogs from her district. But it turned out to be more of an awkward endorsement party. As PW previously reported, Acosta is on a low-flying mission to persuade her district's voters that Freddy Ramirez, the president of Pan-American Mental Health Clinic, is the right guy to replace her in Harrisburg.

"You're saying this is the only person?" one committee woman asked. "This is the only person who can—"

"I'm saying that this is the only person at this time," Acosta responded.

Earlier this year, Acosta quietly confessed to one felony count of conspiracy to commit money laundering, a deed that dates back to her pre-Harrisburg stint at a local mental health facility—not Ramirez's, but rather, the FBI-targeted Juniata Community Mental Health Clinic. We'll return to that clinic in a minute. For now, Acosta is weighing in on her successor.

Despite her re-election in November, the one-term legislator-turned-felon will step down in January, thus triggering a special election.

In contrast to an open primary, special elections allow party leaders to nominate their own candidate for the ballot. In Acosta's 197th District, this means that ward leaders—seven in total—will make the party's nomination amongst themselves. Those seven votes are weighted based on the number of divisions in each ward. Committee people can try to sway their ward leader's nomination, but ultimately, in this district at least, backroom politics is the name of the game.

Ramirez told the room of somewhat confused Democrats that he'd already expressed interest in the position to U.S. Rep. Bob Brady, who chairs the city's Democratic party.

But to get the party's nod, Ramirez needs the backing of someone like Emilio Vazquez, leader of the district's largest ward which represents one-third of its divisions. Vazquez shared a stage with Acosta and Ramirez at the mid-December meeting. Some attendees perceived it as his endorsement for Ramirez as well.

"I find it unfortunate that, at the end of the day, we're going to be represented by someone for whom we did not have an opportunity to vote," Ryan Kellermeyer, a community advocate in the

Vazquez's ward, said at the meeting. "I have nothing against [Ramirez] personally. But I would like to encourage Emilio to hold public meetings, to put out fliers, and to give people some voice. You can't just be handpicked by a phone call from Bob Brady and the trust of our outgoing state rep."

The thing is, Vazquez didn't openly promise his ward's support to Ramirez. It would be strange if he had, because Vazquez himself has also expressed interest in taking Acosta's seat, Bob Brady told PW.

Moreover, Vazquez has reportedly sworn allegiance to yet another possible candidate, Noelia Diaz.

The plan was hatched months ago between some of Acosta's former allies in the Latino strongholds of North Philadelphia, the same folks who helped her get elected in 2014. State Rep. Angel Cruz, whose district is right next door, called for ward leaders to circle the wagons. Together, Vazquez and 19th Ward Leader Carlos Matos carry enough divisions to decide the nomination. With Diaz on the ballot, combined with an 8-to-1 Democratic voter edge, this cadre is all but guaranteed to have another one of their own in Harrisburg.

But in this part of town, political pacts can be made and broken in the same day. Vazquez did not return numerous calls from PW about what's going on.

"He won't return your calls because he doesn't want you to get a statement where he's saying he's with this [candidate] or that one, because then he can't negotiate and make his own bid," Cruz said. "They're all trying to make their own deal to see what they can come up with."

If Vazquez and Matos back different candidates, it would open up the door for the district's minority African American ward leaders to band together behind another candidate.

"If they split, there's going to be a fight," Cruz added.

Sources in the district say that the black ward leaders, some of them disappointed with the politics and track record of corruption on the Latino side of the district, may decide to float their own candidate.

Nobody knows for sure at this stage. Cruz insists that they will have a majority vote for Diaz. But any quid pro quos made to secure that nomination will likely fly unseen by Democratic voters.

Other ward leaders either refused to speak on the record or did not return PW's calls. For Matos at least, there's a good reason not to talk to the press.

Remember that mental health clinic that brought Acosta down? Matos is its founder. The Juniata Community Mental Health Clinic is at the center of a 53-count federal indictment against Matos' wife, Renee Tartaglione, who stands accused of running the clinic like a slush fund while she

served as its board president. Acosta is expected to cooperate with federal prosecutors at trial in January.

Let that sink in.

What can Democratic voters do to have a say?

Last week, Kellermeyer started an online petition asking PA House Speaker Mike Turzai and other state officials to include the 197 special election in the May primary. Once Acosta resigns in January, Turzai will have 10 days to set a date for the election, which can happen no sooner than sixty days from that date.

Philly's special election process has been criticized in the past as grossly undemocratic. And it all comes down to lack of transparency, said Patrick Christmas, policy program manager at the watchdog group Committee of Seventy.

"Any political party seeking to build trust among its members and legitimacy in its nomination of candidates should be open, inclusive and democratic. This is not the way we do special elections in Philly, and that's a problem," Christmas said.

Brady disagreed.

On a more practical note, a May election in the 197th District could save the state more than $150,000 in special election costs. It would also give an Independent or Republican candidate more time to mount a campaign. Nonetheless, party nominees will remain an insider's game. And most special elections still lean towards Democratic victories.

Then again, little appears normal about democracy in the 197th District right now.