# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO A. ACOSTA, et al., <br>     Plaintiffs, <br><br> v. <br><br> DEMOCRATIC CITY COMMITTEE, et al., <br>     Defendants. | Civil Action <br> No. 2:17-CV-1462 <br> (Judge Slomsky) |

## MEMORANDUM OF LAW OF DEFENDANT SECRETARY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Robert Torres,[1] Acting Secretary of the Commonwealth, presents this brief in support of his motion to dismiss the above-captioned action against him.

## INTRODUCTION

Following the Court's dismissal of their claims, Plaintiffs Orlando A. Acosta and Edward M. Lloyd, Jr., attempted once more to draft a complaint which could survive a motion to dismiss. As discussed below, the Complaint they submitted fails meet the standards of *Twombly* and *Iqbal*, fails to comply with the Federal Rules of

---

[1] Secretary Torres' predecessor, former Secretary of the Commonwealth Pedro A. Cortés, resigned on October 11, 2017, the same day Secretary Torres assumed his current office. Secretary Torres was automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See* Opinion at 3 n.1 (ECF No. 83).

Civil Procedure, and fails to comply with the Court's clear direction. The fate of this complaint can be only "another dismissal by this Court."

## BACKGROUND

This is a civil action for declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983 seeking to invalidate the results of a special election held on March 21, 2017, and to enjoin the winning candidate of that special election from holding office. (ECF Nos. 11 and 91).[2] The Secretary incorporates by reference the other elements of the factual and procedural history of the case as provided in the first Motion to Dismiss filed June 19, 2017. Brief of Sec'y Cortes and Dep't of State in Supp. of Mot. to Dismiss Pls.' Second Am. Compl. at 1-4 (ECF No. 32).

Following a hearing on September 14, 2017, the Court issued an Order on January 23, 2017, which dismissed all of the claims brought by all the Plaintiffs in this case, but granted them leave to amend their complaint. (ECF No. 84). In its Opinion, the Court "direct[ed] the Plaintiffs to clearly allege each cause of action in

---

[2] This case was consolidated with another case challenging the outcome of the same election, *Little v. Vazquez*, No. 17-1562 (Pa. E.D. filed Apr. 6, 2017). The Court ordered that all submissions after August 10, 2017, should be filed to the *Acosta* docket. Order (ECF No. 53). Despite the Court's order, the *Little* plaintiffs filed a number of documents to the *Little* docket. Unless noted otherwise, all references to documents are those in the *Acosta* docket.

a separate Count in accordance with Federal Rule of Civil Procedure 10(b)." Opinion, Part IV.L at 78 n.34 (ECF No. 83).

The Court's Order gave Plaintiffs through February 12, 2018, to file an amended complaint which remedied the defects of the dismissed complaint. Order at 1 (ECF No. 84). Plaintiff Acosta filed a Second[3] Amended Civil Rights Complaint ("Complaint") on February 12, 2018.[4] After consulting with, and discharging counsel,[5] Plaintiff Lloyd subsequently indicated that he would forego counsel and join in Acosta's Complaint. Letter from Edward M. Lloyd, Jr. to Judge Joel Slomsky (Mar. 14, 2018) (ECF No. 103). This Complaint revisits many of Plaintiffs' grievances with the 2017 special election but fails to make any specific factual allegations related to the Secretary.

---

[3] This makes it Plaintiffs' *Third* Amended Complaint. Plaintiffs filed a Complaint on March 31, 2017 (ECF No. 1), and then filed an Amended Complaint on April 4, 2017 (ECF No. 9). This was followed by a Second Amended Complaint filed April 11, 2017. (ECF No. 11).

[4] The same day, counsel for Plaintiffs' former co-plaintiffs submitted a letter informing the Court that the *Little* plaintiffs would not be submitting an amended complaint because "we could not credibly file an Amended Complaint meeting the standards" of the law. Letter from Samuel C. Stretton, Esq. to Judge Joel H. Slomsky (Feb. 12, 2018) (ECF No. 90).

[5] *See* Letter from Brian R. Mildenberg, Esq., to Judge Joel H. Slomsky (Mar. 5, 2018) (ECF No. 99) (informing court of Plaintiff Lloyd's desire to discharge counsel); Notice of Withdrawal of Appearance (Mar. 5, 2018) (withdrawing appearance of Matthew B. Weisberg, Esq.); Letter from Edward M. Lloyd, Jr., to Judge Joel H. Slomsky (Mar. 13, 2018) (ECF No. 103) (notifying the Court of his intent to discharge counsel).

# LEGAL STANDARD

The Secretary seeks dismissal of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal under the applicable Rule 12(b)(6) standard, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must therefore "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). Here, the factual allegations in the Complaint against the Secretary, together with reasonable inferences that may be drawn from them, are wholly insufficient to withstand the motion to dismiss.

# ARGUMENT

I. **The Complaint contains no factual allegations directed at the Secretary.**

While the Court is required to construe *pro se* pleadings broadly, the Complaint fails to meet even the generous standard applicable here. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Fed. R. Civ. P. 8(e). Now on their fourth try, Plaintiffs fail even to mention the Secretary or his office by name. At most, Plaintiffs' only allegations conceivably directed towards the Secretary are contained in a single paragraph:

> SHOWING HOW THE STATE/ The administrators OF THE RETURN BOARD instructed state agents/ employees of the bureau of Elections and legislation to commit illegal and fraudulent activity on the state payroll during working hours of their employment after the special election the occurred. In the 197 District on March 21st 2017 The return board is the main state entity that oversees everything when it comes to election results. this board's responsibility is to make sure then all the election numbers and everything was done right as far as the results are concerned they do the number count if this return board sees any irregularities they are to summon the Board of Elections the machine inspector the minority inspector anyone that was involved and participated in the corrupt activity of the election on that day and then they have to write up a report and then they had to contact the District Attorney's office.

Compl. at 3-4 [sic passim] (ECF No. 91).

While this rambling statement could conceivably refer to the Secretary, it is also possible that this allusion to the Department of State's Bureau of Commissions, Elections and Legislation was a reference to the Department of State—which was

dismissed from this case as a defendant, with prejudice.[6] Nor does it provide any detail whatsoever to describe what supposed "illegal and fraudulent activity" occurred. It is far from being a "short and plain statement of the claim" showing that Plaintiff is entitled to relief. *Cf.* Fed. R. Civ. P. 8(a)(2). Plaintiffs fail to state a claim upon which relief can be granted.

## II. The Complaint does not meet the standards of *Twombly* and *Iqbal*.

The allegations contained within the Complaint do not meet the standards required for pleading by controlling Supreme Court precedent, "and are thus subject to dismissal for failure to state a claim." Supplemental Br. of Acting Sec'y Robert Torres at 2 (ECF No. 69).

> Pursuant to the U.S. Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court is to "begin by taking note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. The Court then identifies the conclusory statements "not entitled to the assumption of truth," but assumes the veracity of well-pleaded factual allegations in the complaint, determining "whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 697).

*Id.*

---

[6] The Court properly found that the Eleventh Amendment barred any claims against the Department of State. Opinion Part IV.C.1, at 33-34 (ECF No. 83). For reasons beyond understanding, Plaintiffs invoke the Ralph M. Brown Act, a California statute relating to the conduct of meetings of "public commissions, boards and councils" in California, seemingly in an attempt to gainsay the Court's determination. Cal. Gov't Code § 54950. The other authority cited by Plaintiffs is similarly unavailing.

To the extent the Plaintiffs seek to hold either Acting Secretary Torres or former Secretary Pedro Cortés liable based on the acts of others, Plaintiffs are unable to obtain relief as "the courts have repeatedly rejected lawsuits premised on *respondeat superior* or vicarious liability theories." Brief of Sec'y Cortes and Dep't of State in Supp. of Mot. to Dismiss Pls.' Second Am. Compl. at 16 (ECF No. 32).

> "[B]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "In other words, supervisors may not be held liable under § 1983 based on the unconstitutional conduct of their subordinates." *Lew-Bey v. Wolff*, No. 16-3685, 2016 WL 3997248, at *3 (E.D. Pa. July 25, 2016) (citing *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds*, *Taylor v. Barkes*, 135 S.Ct. 2042 (2015)). "Instead, a supervisor must have directly participated in the violation of plaintiff's rights or knowingly acquiesced in the unconstitutional conduct of his or her subordinates." *Id.* (citing *Barkes*).
>
> . . . .
>
> Section 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 692 (1978)). Rather, "we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bryan Cnty.*, 520 U.S. at 403.

*Id.* at 13, 16.

Because Plaintiffs have again failed to make any non-conclusory allegations whatsoever towards the Secretary in their latest Complaint, the Secretary's response

7

remains unchanged. "Having failed to plead any non-conclusory allegations, Plaintiffs' claims do not plausibly give rise to an entitlement to relief." Supplemental Br. of Acting Sec'y Robert Torres at 3 (ECF No. 69) (citing *Connelly*, 809 F.3d at 787) (internal quotations omitted).

> III. **Plaintiff has failed to follow the explicit direction of the Court to comply with Rule 10(b).**

The Court's offered clear direction that Plaintiffs must comply with Federal Rule of Civil Procedure 10(b). Opinion, Part IV.L at 78 n.34 (ECF No. 83). Plainly, they did not: Plaintiffs' Complaint comes no nearer the *Iqbal/Twombly* standards than before. As Plaintiffs have restated many of the same allegations from their first three attempts to gain relief—but this time with even less supporting detail—the destiny of this Complaint can only be "another dismissal by this Court." Opinion, Part IV.L at 79 n.35 (ECF No. 83).

## CONCLUSION

Plaintiffs unwisely failed to heed the sound guidance offered by the Court to file a Complaint that complies with the Federal Rules of Civil Procedure. Because Plaintiffs' Complaint consists of nothing more than conclusory statements, they have failed to state a claim upon which relief can be granted. For the reasons stated in

this brief, this Honorable Court should dismiss Plaintiffs' latest Complaint with prejudice, as set forth in the attached proposed order.

Respectfully submitted,

By: */s/ Timothy E. Gates*
Timothy E. Gates (I.D. No. 202305)
Kathleen M. Kotula (I.D. No, 86321)
Pennsylvania Department of State
306 North Office Building
Harrisburg, PA 17120
Tel: 717-783-0736
Fax: 717-214-9899
tgates@pa.gov
kkotula@pa.gov

*Counsel for Acting Secretary of the Commonwealth*

Date: April 4, 2018