IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO A. ACOSTA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEMOCRATIC CITY COMMITTEE, *et al.*, <br><br> Defendants. | No. 2:17-cv-01462 |

# ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of the *Motion to Dismiss* filed by Mike Turzai, in his official capacity as Speaker of the Pennsylvania House of Representatives, it is hereby **ORDERED** that the *Motion* is **GRANTED**.  This action is **DISMISSED WITH PREJUDICE** as to Speaker Turzai.

BY THE COURT:

_____

**SLOMSKY, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO A. ACOSTA, *et al.*, | No. 2:17-cv-01462 |
| Plaintiffs, | |
| v. | |
| DEMOCRATIC CITY COMMITTEE, *et al.*, | |
| Defendants. | |

**MOTION TO DISMISS OF MIKE TURZAI, SPEAKER
OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES**

Mike Turzai, in his official capacity as Speaker of the Pennsylvania House of Representatives, respectfully moves for entry of an order in the attached form dismissing this action with prejudice as to Speaker Turzai, pursuant to Fed.R.Civ.P. 12(b).  Speaker Turzai hereby incorporates by reference his memorandum of law in support of this motion as if set forth at length herein.

Respectfully submitted,

/s/ Karl S. Myers
Jonathan F. Bloom
Karl S. Myers
STRADLEY RONON
STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103
(215) 564-8000

Counsel for Mike Turzai,
Speaker of the Pennsylvania
House of Representatives

Dated: April 5, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO A. ACOSTA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEMOCRATIC CITY COMMITTEE, *et al.*, <br><br> Defendants. | No. 2:17-cv-01462 |

**MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION TO DISMISS OF MIKE TURZAI, SPEAKER
OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES**

Mike Turzai, in his official capacity as Speaker of the Pennsylvania House of Representatives, respectfully submits this memorandum of law in support of his motion to dismiss this action with prejudice as to Speaker Turzai, pursuant to Fed.R.Civ.P. 12(b).

**I.    INTRODUCTION AND BACKGROUND**

This action was filed on March 31, 2017 by two *pro se* plaintiffs, who allege they were write-in candidates in the March 21, 2017 special election for the 197th Pennsylvania House District. Plaintiffs challenged the outcome of that election, and sought to enjoin its result by preventing the winning candidate, Emilio Vazquez, from taking office.

The results of that special election were certified by the Pennsylvania Department of State on April 3, 2017,[1] and Representative Vazquez was sworn into office on April 5, 2017.[2]

---

[1] See Pa. Dep't of State, *Official Returns, Special Election, Representative in The General Assembly, 197th Legislative District, March 21, 2017* (available at: https://goo.gl/7KwDaA).

[2] See Press Release, *Vazquez sworn in to serve 197th District in North Philadelphia* (available at: https://goo.gl/qwnel8); YouTube, *Vazquez Takes Oath-of-Office* (available at: https://goo.gl/lZ9ar7).

In their prior pleading, filed on April 10, 2017 (Doc. 11), plaintiffs named numerous defendants, including Mike Turzai, Speaker of the Pennsylvania House of Representatives, who plaintiffs sued in his official capacity. But plaintiffs did not assert any claims against Speaker Turzai. Nor did they allege the Speaker engaged in any actionable conduct. Nor did they seek any relief against Speaker Turzai. In fact, plaintiffs barely even mentioned Speaker Turzai anywhere in their pleading.

Speaker Turzai, through undersigned counsel, moved to dismiss on June 13, 2017 (Doc. 31). The Speaker asked to be relieved of participation in this action because plaintiffs had not actually stated any claims against the Speaker.[3]

The Court agreed with Speaker Turzai. In an opinion and order entered on January 23, 2018 (Docs. 83 & 84), the Court explained that plaintiffs "do not allege any factual misconduct at all on the part of [Speaker] Turzai and therefore have failed to state a plausible claim against him." (Doc. 83 at 52-53.) "In fact, they allege no facts at all about [Speaker] Turzai." (Id.) The Court nevertheless decided to allow plaintiffs to amend their pleading, giving them an "opportunity to plead facts sufficient to … overcome the deficiencies discussed in this Opinion." (Id. at 78.)

Plaintiffs failed to avail themselves of the opportunity. Their Third[4] Amended Complaint, filed February 12, 2018 (Doc. 91), once again barely even mentions Speaker Turzai.

---

[3] Speaker Turzai also asserted plaintiffs' claims were moot because Representative Vazquez had been sworn into office. The Court declined to dismiss on that basis. (Doc. 83 at 29-30.)

[4] Although captioned "Second Amended Civil Rights Complaint," plaintiffs' pleading is their fourth, and so it is properly described as their Third Amended Complaint.

It once again fails to assert that he engaged in any actionable conduct.  Accordingly, Speaker Turzai once again asks this Court to relieve him of any further participation in this lawsuit.[5]

## II.   STATEMENT OF QUESTION INVOLVED

Should the Court dismiss Speaker Turzai from this action because plaintiffs have once again failed to assert any actionable conduct by the Speaker?

*Suggested answer:  Yes.*

## III.   ARGUMENT:  Plaintiffs still do not assert any actionable conduct by Speaker Turzai, nor do they seek any relief against the Speaker.

Speaker Turzai must be dismissed from this action for the fundamental reason that plaintiffs have once again failed to actually state a claim against him.

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Conquest v. WMC Mortgage Corp., 247 F. Supp. 3d 618, 631 (E.D. Pa. Mar. 30, 2017) (Slomsky, J.) (citations omitted).  Indeed, pursuant to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. (2009), it is clear that "threadbare recitals" and "conclusory statements" will not defeat a motion to dismiss.  Conquest, 247 F. Supp. 3d at 631.  The complaint must plausibly allege factual misconduct allowing the Court to draw the reasonable inference that the defendant is liable.  Id.

Based on these principles, in a case (such as this one) where the complaint does not allege any factual misconduct by a defendant at all, or does not seek relief against a defendant, then the courts will dismiss those claims and defendants as a matter of course.  See,

---

[5]   Speaker Turzai also asks that the Court refrain from affording plaintiffs any further opportunity to amend as to Speaker Turzai.  Any such attempt would fail as a matter of law anyway.  Such claims would be barred by the political question doctrine, absolute legislative immunity, Eleventh Amendment immunity, and/or state sovereign immunity.

e.g., Smith v. City of Phila., 2017 WL 277570, *6 (E.D. Pa. Jan. 19, 2017) (Slomsky, J.) (dismissing claims against moving defendant where "[p]laintiff does not allege any facts showing [the moving defendant's] personal involvement in the wrongdoing," and, "[i]n fact, [he] is only mentioned once in the Amended Complaint"); R.B. v. Mastery Charter Sch., 762 F. Supp. 2d 745, 753-54 (E.D. Pa. 2010) ("Although the Complaint names the [defendant] as a defendant, it does not seek any relief from the [defendant] …. Because the complaint makes no claims against the [defendant], its Motion to Dismiss for failure to state a claim is hereby GRANTED.").

Here, plaintiffs do not assert that the Speaker engaged in any actionable conduct, even though the Court gave plaintiffs the opportunity to re-plead to fix that specific deficiency. Plaintiffs' amended pleading once again has failed to come anywhere close to meeting the rigorous Twombly/Iqbal pleading standards under Rule 12(b)(6) as to Speaker Turzai. Accordingly, this action should be dismissed, with prejudice, as to Speaker Turzai.[6]

## IV.   CONCLUSION

For the foregoing reasons, Speaker Turzai respectfully requests that this Court enter an order in the attached form dismissing this action, with prejudice, as to the Speaker.

Respectfully submitted,

/s/ Karl S. Myers
Jonathan F. Bloom
Karl S. Myers
STRADLEY RONON

---

[6] Because plaintiffs have failed to remedy this defect in their prior pleading, they should be denied further leave to amend. See, e.g., Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (district court justified in denying further leave to amend where plaintiff failed to cure deficiencies in prior amendment); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) ("An amendment to a complaint is futile if it does 'not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.'" (citation omitted)).

Case 2:17-cv-01462-JHS   Document 108   Filed 04/05/18   Page 7 of 8

                          STEVENS & YOUNG, LLP
                          2600 One Commerce Square
                          Philadelphia, PA  19103
                          (215) 564-8000
                          (215) 564-8120 facsimile

                          Counsel for Mike Turzai,
                          Speaker of the Pennsylvania
                          House of Representatives

Dated: April 5, 2018

## **CERTIFICATE OF SERVICE**

   I, Karl S. Myers, hereby certify that I am this day serving the foregoing document upon the other defendants via the Court's electronic filing system, and am serving it upon the plaintiffs via First Class U.S. Mail, postage prepaid, as follows:

   Edward Lloyd
   222 E. Mentor Street
   Philadelphia, PA  19120

   Orlando A. Acosta
   524 W. York Street
   Philadelphia, PA  19133

         /s/ Karl S. Myers
         Karl S. Myers

Date:  April 5, 2018

# 3493896